. The State v. Gustave Oppenheimer.

1. PERJURY.—An indictment for perjury, which omits to charge that
the oath was taken and the matter sworn to in some judicial pro-
ceeding in a court having jurisdiction, is bad.

2. PERJURY.—An indictment for perjury should state when and where
the judicial proceeding was pending in which the alleged false state-
ment was made, the name of the judge, court, or officer before whom
it was made, and whether it was made during an examination or on
a trial under indictment.

APPEAL from Jackson.    Tried below before the Hon.
Geo. W. Burkhart.

George Clark, Attorney General, for the State.

J. D. Owen, for appellee.

DEVINE, ASSOCIATE JUSTICE.—The defendant was in-
dicted for having committed the crime of perjury, and,
on motion of defendant, the court quashed the indictment.

The District Attorney appealed from the judgment of
the court, and the question presented for our consideration
is the sufficiency of the indictment. · The motion of de-
fendant set forth that " the indictment charged no offense
known to the law, and is altogether too vague and indefi-
nite to sustain a verdict."

The indictment should have stated that the oath was
taken and the matter sworn to in some judicial pro-
ceeding. (3 Arch. Cr. Prac. and Plead., 593.) And it
should state where and when such judicial proceeding

was pending. The indictment, tested by these require-
ments, is wholly defective. It omits to state the name of
the judge, court, or officer before whom the trial was had
when the alleged perjury was committed. It omits the
statement whether it was during an examination or on a
trial under indictment that the accused committed the
offense charged. It is true, the indictment charges that
the said Oppenheimer then and there was duly and legally
sworn by John R. Landford, deputy district clerk of Jack-
son county, &c. From this one might infer that the pro-
ceeding in which the alleged perjury was committed was
in a proceeding had in the District Court of Jackson
county, but inferences are not to be indulged in to supply
the palpable omissions in the charge or description of the
offense. It must appear upon the face of the indictment
that the oath was taken and the matter sworn to in some
judicial proceeding. (3 Whart. Cr. Law, 2221.) "And the
indictment must show that such judicial proceeding was
pending in the court at the time the oath was taken and
the false statement made. (3 Arch., 593.) The jurisdic-
tion of the court must be expressly averred. (3 Whart.
Cr. Law, art. 2236.) The objection to this indictment is,
that it fails to set out that the suit wherein the accused is
charged to have committed perjury was in any court hav-
ing jurisdiction of the offense. The motion to quash was
properly sustained.

There being no error, the judgment of the court is

AFFIRMED.