Statement of the case.

No. 2532.

ALBERT WILSON v. THE STATE.

1. PERJURY—INDICTMENT—EVIDENCE.—It is essential in a perjury case not only that the indictment shall allege that the court before which the judicial proceeding in which the perjury is charged to have been committed had jurisdiction of such judicial proceeding, but that fact must be established by the proof.

2. SAME—COMPLAINT—INFORMATION—CASE STATED.—Under the law of this State, an information is insufficient for any purpose unless founded upon a complaint, filed therewith, charging an offense. The indictment in this case charged that the perjury was committed on the trial of a judicial proceeding in the county court "wherein one Bean was duly and legally charged by information," etc. To support the allegation of jurisdiction of the county court, the State introduced in evidence the information, but not the complaint. Held, that the proof was insufficient.

3. SAME—PRACTICE—CHARGE OF THE COURT.—To charge the jury, in felony cases, upon the law applicable to the case, whether asked or not, is under our law a duty imposed imperatively upon the trial judge. It is an express provision of our statute that "in trials for perjury no person shall be convicted except upon the testimony of two credible witnesses, or of one credible witness corroborated strongly by other evidence, as to the falsity of the defendant's statements under oath, or upon his own confession in open court." The trial being upon the plea of not guilty, and not upon confession in open court, the omission of the trial court to give in charge to the jury the substance of the above statutory provisions was fundamental error.

4. SAME—TERM DEFINED.—A "credible witness," as used in the statute, means "one who, being competent to give evidence, is worthy of belief."

APPEAL from the District Court of Fayette. Tried below before the Hon. H. Teichmueller.

The conviction in this case was for perjury and the penalty assessed against the defendant was a term of five years in the penitentiary.

The indictment alleges, in substance, that on the seventeenth day of April, 1888, one William Bean was tried in the county court of Fayette county, for carrying a pistol on the twenty-fifth day of February, 1888; that, the State having proved by several witnesses that a difficulty occurred on the night of said

day, in a certain room of a certain house, between one W. Du-
lix and one T. Edwards, and that the said Bean, at the time of
the difficulty, was present in the said certain room of the said
certain house, armed with a pistol, the said Bean introduced the
defendant as a witness in his behalf, and the defendant, after
being sworn, testified on the said trial that the said Bean was
not in the said room nor in the said house at the time the diffi-
culty occurred, but was outside of the same, in company with
him, this defendant, and others.    This said testimony of the
defendant is the perjury assigned.

To support the allegation in the indictment that the county
court had jurisdiction of the prosecution against Bean for car-
rying a pistol on the night of February 25, 1888, the State in-
troduced in evidence the information of the county attorney
charging Bean with that offense.   The county clerk testified
that he administered to the defendant the witness oath on that
trial, and the attorney who represented the State testified that,
on that trial, this defendant testified in behalf of Bean as
charged in the indictment, which, upon the question at issue,
was contradictory of evidence introduced by the prosecution
against Bean.   Several witnesses testified that they attended a
dance at the Doss house in LaGrange, on the night of February
25, 1888.   During the evening a difficulty occurred in the side
room of the said house between Willis Dulix and Tom Ed-
wards, and during that difficulty Bean was in the said room.
One witness testified positively that Bean had a pistol in his
hand while in the said room, and another witness stated that he
was unable to determine whether the object Bean had in his
hand at that time was a pistol.

Two witnesses for the defense testified that this defendant's
reputation for truth and veracity was good.   Another testified
that, about five minutes before the shot was fired in the Doss
house, he saw the defendant at the fence which surrounded the
said house.

*W. H. Ledbetter*, for the appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

White, Presiding Judge.  In all cases of prosecution for
perjury committed in a judicial proceeding, it must be made to
appear by the allegations of the indictment that the court had

jurisdiction of the judicial proceedings (Willson's Crim. Stats., sec. 307), and it is equally important and necessary that the evidence should sustain the allegation in order to warrant a conviction. It was alleged in the indictment in this case that the judicial proceeding was a trial in the county court "wherein one Bean was duly and legally charged by information" with unlawfully carrying on or about his person a pistol, etc. To sustain this allegation the prosecution simply introduced in evidence the information. This was not sufficient. An information can not be presented until oath has been made by some credible person charging the defendant with an offense. (Code Crim. Proc., art. 431.) This oath is called a complaint. It is the basis and foundation upon which the information rests, and is a necessary part of, and must be filed with, the information. (Code Crim. Proc., art. 36.) Without a complaint an information would be wholly invalid—would confer no jurisdiction upon the court, and would be worthless for any purpose. (Willson's Crim. Stats., sec. 1999.) It follows, then, that in order to sustain an allegation of judicial proceeding by information, not only must such information be introduced in evidence but the complaint upon which it is based or founded, must be also introduced.

Another error, fundamental in character, appears upon this record. It is a fatal omission in the charge of the court to the jury. An express provision of our statute with regard to perjury and false swearing is that "in trials for perjury no person shall be convicted except upon the testimony of two credible witnesses, or one credible witness corroborated strongly by other evidence, as to the falsity of the defendant's statement under oath, or upon his own confession in open court." (Code Crim. Proc., art. 746; Hernandez v. The State, 18 Texas Ct. App., 134; Anderson v. The State, 24 Texas Ct. App., 106; Maines v. The State, 26 Texas Ct. App., 14.)

Article 746, as thus quoted, is as much a part of the law of perjury as any other found in our Penal Code relative to that crime, and where the accused has not confessed his guilt in open court, that article, or the substance thereof, should be given in charge to the jury, it being imperative in felony cases that the charge "shall distinctly set forth the law applicable to the case, whether asked or not." (Code Crim. Proc., art. 677.) It is fundamental error to fail to give such instruction. (Wash-

ington v. The State, 22 Texas Ct. App., 26; Gartman v. The State, 16 Texas Ct. App., 215; Willson's Crim. Stats., sec. 312.) "A credible witness," as used in that article, means "one who, being competent to give evidence, is worthy of belief." (Smith v. The State, 22 Texas Ct. App., 197.)

For the errors discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered January 16, 1889.