## George Moss v. The State.

### No. 3082.  Decided December 17, 1904.

**1.—Perjury—Indictment—Jurisdiction—Corporation Court.**

Section 2 of the act of 1899, page 40, confines the jurisdiction of corporation courts in criminal cases, to those arising within the territorial limits of the city wherein the corporation court exists, and an indictment for perjury which fails to allege that the game of cards, concerning which it is charged perjury was committed by defendant in the corporation court of the city of Weatherford, was played in the territorial limits of said city is fatally defective.

**2.—Same—Corporation Court Confined to Territorial Limits of City.**

If, as a matter of law, the corporation court of Weatherford could not have jurisdiction of the case, wherein the alleged perjury was committed, then all the acts of the court were void, and everything occurring on the trial in it was void; and the statements made by the witness in the case could not be material, because said trial could not in any legal sense be a trial.

**3.—Same—Evidence.**

Testimony that the game of cards, concerning which perjury was assigned, was played beyond the territorial limits of the corporation court trying the same was most material on a trial of defendant for such perjury, and to exclude it was reversible error, had the indictment been good.

Appeal from the District Court of Parker.  Tried below before Hon. J. W. Patterson.

Appeal from a conviction of perjury; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No briefs for either party have reached the hands of the reporter.

*Howard Martin*, Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—The perjury assigned is alleged to have been committed in the corporation court of the city of Weatherford, wherein Will Pyles was duly charged by complaint with unlawfully playing a game with cards in said county not at a private residence. "Said county" refers to the county of Parker, which is properly set out in the preceding part of the indictment.  The indictment further alleges that issue was joined between the State of Texas and Will Pyles, and that appellant testified as a witness in that case.  The assignment of perjury is on the statement of appellant in said corporation court, "that he had not played in any such game with cards not at a private residence occupied by a family with the said Will Pyles and others, among whom were Reuben Curtis, John Howard, and Henry Liggett, on the 26th of November, 1903, in said county, or with either of them."  This statement was alleged to be material, deliberately made and was false, and that defendant did play with Will Pyles and others, etc.  Motion is made to quash on the ground that the indictment does not allege that the game of cards, wherein it is charged perjury grew out of his testimony, was played within the territorial. limits of the

city of Weatherford, but only alleges that such game was played in the county of Parker. That, in order to have made a proper allegation or a legal one, this indictment should have alleged that the game about which he was testifying did occur within the territorial limits of the city of Weatherford. We believe this point is well taken, and the indictment should have been quashed. Section 2 of the Act of 1899, page 40, limits the jurisdiction of corporation courts in criminal cases, to those arising within the territorial limits of the city wherein the corporation court exists. This indictment does not allege that the game occurred or was played inside the territorial limits. It only alleges that it was played in Parker County. The corporation court has no authority or jurisdiction to try any criminal cause arising outside the territorial limits of the city, because the act above referred to expressly limits the jurisdiction of said court to criminal causes of certain classes arising within such territorial limits. That court has no jurisdiction of any criminal case for violations of State laws, except those in which the jurisdiction has been expressly conferred. It was necessary for the corporation court to have jurisdiction of the case it was seeking to try, in order to constitute the statement of the witness material. The gambling case was not being tried in a court authorized to try it, under the allegations. It was therefore not a court of competent jurisdiction, and so far as the allegations show, was not a court in contemplation of law. 12 Am. & Eng. Ency. Plead & Prac., p. 119, and notes; 48 Eng. Com. Law. Rep., 31. A court, to be a court, must be one not only provided for by law, but it must be legally able to try the case it undertakes to try to final judgment. If the offense of gambling had been within the corporation limits, and some person was sitting as judge of that court who had no legal authority to try the case as such judge, it certainly would not be a court, and any action taken in such state of case, would be utterly void. For a discussion of this question see Abrams v. State, 31 Texas Crim. Rep., 449, and authorities cited. This is not like the Cordway case, 25 Texas Crim. App., 405. There the District Court of Wilson County had jurisdiction of Coy, then being tried for murder. Cordway, on the trial of Coy, made the statements, while testifying as a witness, imputed to him as false. The offense of which Coy stood charged and was then being tried had been committed in Wilson County. He had fled to Mexico, had been extradited in another case in another county, and when placed on trial in Wilson County for the murder charged against him there, did not claim his privilege of asylum, but went to trial. Cordway set up on his trial the privilege that Coy might have set up when he was being tried for murder as a defense against the perjury assigned. It was correctly held that this could not be done by Cordway; that Coy alone could claim the privilege under the extradition warrant; that it was a matter Coy could waive. If for any reason the corporation court of the city of Weatherford could have had jurisdiction of Pyles' case, and Pyles had not claimed any privilege the law might have awarded him,

then appellant could not claim that in the perjury case. But that is not the character of case in hand. If, as a matter of law, the corporation court of Weatherford could not have jurisdiction of the case against Pyles, then all the acts of the court were void, and everything occurring on the trial in it was void, and the statements made by the witness in the case could not be material, because said trial could not in any legal sense be a trial. The act of the Legislature having excluded all jurisdiction from the corporation court in criminal cases, except those of a certain class arising within its territorial limits, it could have no jurisdiction beyond its territorial limits. The indictment, therefore, is vicious because it does not allege that the gambling case of Pyles arose within the territorial limits of the city of Weatherford. The fact that it arose in the county would not give jurisdiction, unless within the city limits. The indictment is fatally defective at this point.

Bills of exceptions were reserved to the rejection of testimony offered by appellant, showing the place where the game of cards was played was beyond the territorial limits of the city of Weatherford. Two witnesses (one the present street commissioner, and the other the former street commissioner) would have testified to the fact, as shown by the bills, that the place where said playing occurred was from 500 to 600 yards outside the territorial limits of the city of Weatherford. This testimony should have been admitted. It was of the most material character, and went to the very foundation of the jurisdiction of the corporation court. For the rejection of this testimony the judgment would be reversed and remanded, had the indictment been good; but because the indictment is fatally defective, a reversal is awarded, and the prosecution ordered dismissed.

*Reversed and dismissed.*