## TOM GREEN v. STATE.

### No. 5661. Decided January 28, 1920.

**1.—False Swearing—Indictment—Administrating Oath—Jurat—Pleading.**

Where, upon trial of false swearing, the indictment did not directly aver that the oath in question was legally administered by an officer authorized by law to administer oaths, the same was insufficient on motion in arrest of judgment; although it appeared inferentially from the jurat that the oath was administered by a Notary Public. Following: Powers v. State, 17 Texas Crim. App., 435, and other cases.

**2.—Same—Rule Stated—Pleading—Oath Administered.**

While it is not necessary in an indictment for perjury or false swearing to set out with particularity and in detail the facts showing the jurisdiction of the court in which the oath is charged to have been administered, or of the officer alleged to have administered the oath, it is essential to aver, at least in substance, that the officer who administered the oath was one qualified under the law to do so. Following: Waters v. State, 30 Texas Crim. Rep., 286, and other cases.

Appeal from the District Court of Liberty. Tried below before the Hon. J. L. Manry, judge.

Appeal from a conviction of false swearing; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*W. T. Norman* and *J. Llewellyn,* for appellant.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

MORROW, JUDGE.—The conviction is for false swearing. The indictment charged that "Tom Green did then and there unlawfully, voluntarily, wilfully, and deliberately, under oath make a false statement and affidavit in writing, and signed by him in the following words, that is—," here follows the copy of the affidavit, concluding "sworn to and subscribed to before me this twenty-fourth day of April, 1918. C. R. Wilson, Notary Public, in and for Liberty County, Texas."

The sufficiency of the indictment is challenged by motion to quash, and by averments in the motion for new trial equivalent to motion in arrest of judgment upon the ground that there is no direct averment that the oath was legally administered by an officer authorized by law to administer oaths. Such an allegation is required in the forms used in this State. See Wilson's Crim. Form, No. 141, p. 77, and No. 142, p. 78. It appears inferentially from the jurat that the oath was administered by C. R. Wilson, a Notary Public. The authorities seem to hold that such an allegation should be made directly and not inferentially. In Bishop's New Crim. Procedure, Vol. 1, Sec. 910a, and 911:

It is not necessary in an indictment for perjury or false swearing to set out with particularity and in detail the facts showing the jurisdiction of the court in which the oath is charged to have been administered, or of the officer alleged to have administered the oath, but it is believed essential that the averment be made, at least in substance, that the officer who administered the oath was one qualified under the law to do so. Powers v. State, 17 Texas Crim. App., 435; Stewart v. State, 6 Texas Crim. App., 184; Bradbury v. State, 7 Texas Crim. App., 375; St. Clair v. State, 11 Texas Crim. App., 297; Jefferson v. State, 29 S. W. Rep., 1091; Waters v. State, 30 Texas Crim. Rep., 286; Gray v. State, 32 L. R. A., New Series, 142, and note.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*