## GREELEY NAT. BANK v. WOLF.

(Circuit Court of Appeals, Eighth Circuit. January 31, 1925.)

No. 6446.

**1. Banks and banking ⬌100—Bank's certificate held representation that it had on deposit mortgage indebtedness, described in loan company's certificate; "said."**

Where loan company issued "certificate of ownership in first mortgage indebtedness," reciting that it was owner, as agent, for holder of such certificate, of first mortgage indebtedness in certain sum, secured by deed of trust on described property, and that "said mortgage note and securities" had been deposited with named bank for benefit of holders of certificates, bank's certificate, following loan company's certificate, as part of same document, that it had "said securities" on deposit "as herein provided," *held* representation that it had on deposit first mortgage indebtedness secured by deed of trust, referred to in loan company's certificate on the property described therein, since the word "said" refers to something that has been mentioned above in the document.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Said.]

**2. Banks and banking ⬌101—Bank, being sued for deceit, could not invoke doctrine of ultra vires.**

In action against bank for deceit, inducing plaintiff to purchase certificate of ownership in mortgage indebtedness, the bank could not invoke the doctrine of ultra vires as a defense;

such doctrine being inapplicable to a corporation's torts.

**3. Fraud ⌒1—"Negligence" and "fraud" distinguished.**

Negligence and fraud are not identical, either in their nature or effect, since "negligence" is the absence of proper attention to duty, while "fraud" is always a positive and willful device, resorted to with intent to in some manner injure another, in which the mind concurs with the act.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Fraud; Negligence.]

**4. Banks and banking ⌒100—Bank, which aided loan company to sell certificate of ownership in mortgage indebtedness by false representation, liable for damages, regardless of whether it was a trustee or a gratuitous bailee.**

Bank, which aided loan company to sell certificate of ownership in first mortgage indebtedness by false representation that it held on deposit deed of trust securing indebtedness, *held* liable for damages in action for deceit by purchaser of certificate, regardless of whether it was a trustee or gratuitous bailee.

**5. Pleading ⌒214(2)—Demurrer admits facts.**

Demurrer admits all well-pleaded facts.

**6. Appeal and error ⌒499(1), 719(9)—Allowance of interest on claim not reviewable, where not preserved in bill of exceptions, nor assigned as error.**

Allowance of interest on claim is not reviewable, where the point is not preserved in the bill of exceptions, nor assigned as error.

In Error to the District Court of the United States for the District of Colorado; John Foster Symes, Judge.

Action by Isaiah S. Wolf, as executor of the last will and testament of the estate of Mary B. Wolf, deceased, against the Greeley National Bank. Judgment for plaintiff on demurrer, and defendant brings error. Affirmed.

William R. Kelly, of Greeley, Colo. (H. E. Churchill, of Greeley, Colo., on the brief), for plaintiff in error.

Harry N. Haynes, of Greeley, Colo. (Ralph L. Dougherty, of Greeley, Colo., on the brief), for defendant in error.

Before STONE, Circuit Judge, and MUNGER and MILLER, District Judges.

MILLER, District Judge. This is an action at law for deceit, predicated solely upon the representations of plaintiff in error, contained in its certain certificate as trustee, subjoined to a certain document denominated "Certificate of Ownership, No. 166," issued by the Greeley Loan Company to Mary B. Wolf as follows, to wit:

"Certificate of Ownership in First Mortgage Indebtedness,

"Issued by the Greeley Loan Company, Agent for Holders of Certificates of Ownership.

"No. 166                    $3,500.00.

"The Greeley Loan Company, a Colorado corporation, as agent, hereby certifies that, as such agent for holders of certificates of ownership, it is the owner of first mortgage indebtedness in the principal sum of seven thousand and 00/100 dollars, payment of which is secured by deed of trust upon the following described lands, premises, and water rights, Weld county, Colorado, to wit: The NE¼ of section 30, and the SW¼ of the SW¼ of section 28, all in township 5 north, range 63 west, and 3 shares Lower Latham ditch stock, recorded in Book 591, at page 311, Weld county records.

"That the within certificate of ownership is one of a series of such certificates, which, in the aggregate, amount to the principal of said first mortgage indebtedness; that the owner of this certificate is the beneficial owner of thirty-five hundred and 00/100 dollars of the principal of said mortgage indebtedness, with interest hereon at the rate of 7 per cent. per annum, payable semiannually, on the 27th day of March and September of each year, as and when interest is paid upon said mortgage indebtedness; that this certificate is due and payable on the 27th day of March, A. D. 1925, the date of maturity of said mortgage indebtedness, and upon the payment thereof; and that this certificate carries the rights and remedies incident to said mortgage securities.

"The Greeley Loan Company, agent, further certifies that said mortgage note and securities, have been deposited with the Greeley National Bank of Greeley, Colorado, trustee, to be held for the benefit of holders of certificates of ownership issued against the same, until said certificates shall be retired.

"This certificate is issued to Mary B. Wolf, and is transferable only upon the books of the agent company, in person or by attorney, and upon the surrender of this certificate.

"In testimony whereof, the agent company has executed and delivered this certificate at its office in Greeley, Colorado, this 15th day of April, A. D. 1920. The Greeley Loan Company, Agent, by R. A. Hoffman, President. [Seal.] Attest: Alfred C. Pelley, Secretary.

"Deposit of said securities as herein pro-

vided was made with the undersigned, the 1st day of April, A. D. 1920. The Greeley National Bank, Trustee, By L. B. Carrel, Cashier. [Seal.]"

Plaintiff below, Mary B. Wolf, now deceased, in her complaint, following the necessary jurisdictional allegations, and omitting immaterial matter, complains that, because of the representations of plaintiff in error contained in its said certificate, plaintiff below was induced to believe and did believe that plaintiff in error then had on deposit a first mortgage indebtedness of $7,000, evidenced by a promissory note for such sum, payable to the order of the Greeley Loan Company, secured by deed of trust which constituted a first mortgage and lien of record on the property described in said certificate No. 166, both duly executed by the owner of said property, and believing the same to be true and relying thereon, and not knowing to the contrary she was induced and persuaded to purchase and did purchase for $3,500 and receive from the Greeley Loan Company said certificate, No. 166, duly executed, signed and sealed by the plaintiff in error and the Greeley Loan Company; that plaintiff in error executed its said certificate to document No. 166, and left it with the Greeley Loan Company prior to its negotiation to the plaintiff below, knowing and expecting that said company would sell it to her for its face value, and that she would be induced to purchase the same from the company, because of her reliance upon the certificate of the plaintiff in error; that the matters certified to by the plaintiff in error were false, and known to plaintiff in error to be false, in that it was not true that there was at the date of said sale to her of certificate No. 166 then on deposit with plaintiff in error a first mortgage indebtedness as above described secured by a deed of trust, constituting a first mortgage or lien on said property, to secure said indebtedness; that the plaintiff below did not know of the falsity of the matters so certified by the plaintiff in error until the 15th day of January, 1922; that, if the representations contained in plaintiff in error's certificate complained of had been true, said certificate No. 166 purchased by the plaintiff would have been worth $3,500, plus interest at the rate of 7 per cent. per annum, but because of the premises it was when so purchased and since has been of no value whatever; that plaintiff has been damaged because of said deceit in the sum of $3,500, plus interest at the rate of 7 per cent. per annum.

The complaint was demurred to. on the grounds that it did not state facts sufficient to constitute a cause of action. The court overruled the demurrer, and, plaintiff in error having elected to stand on its demurrer, judgment was entered for plaintiff below for the face value of said certificate No. 166, plus interest at 7 per cent.

This ruling is assigned as error; i. e.: (a) Said certificate does not· represent that the bank then or ever had on deposit a first mortgage indebtedness of $7,000 secured by deed of trust on the property described. (b) If it did so represent, then such representations were ultra vires, and the bank cannot be held liable thereon.

It may be conceded that, if either contention is true, then the ruling complained of was error requiring a reversal of the judgment entered below. The answer to the first contention hinges on the meaning of the words "deposit of said securities as herein provided."

[1] The word "said" has a well-defined meaning, and when used in a document it refers to something that has been mentioned above in the document. Commonwealth v. Schwieters, 122 Ky. 874, 93 S. W. 592; Moss v. State, 47 Tex. Cr. R. 459, 83 S. W. 829, 11 Ann. Cas. 710; Sherrod v. Battle, 154 N. C. 345, 70 S. E. 834; In re De Rycke's Will, 99 App. Div. 596, 91 N. Y. S. 159; State ex rel. Woodward v. Skeggs, 154 Ala. 249, 46 So. 268; Kephart v. Buddecke, 20 Colo. App. 546, 80 P. 501; Garrett v. South Penn Oil Co., 66 W. Va. 587, 66 S. E. 741.

Applying this rule to the case before us, it is unmistakably plain that the words "said securities," contained in plaintiff in error's certificate, refers to the language "first mortgage indebtedness * * * secured by deed of trust," found in the first paragraph of the certificate of ownership. No other securities are described or referred to therein. The certificate, therefore, did represent that plaintiff in error then had on deposit with it for the purpose therein related a first mortgage indebtedness of $7,000 owned by the Greeley Loan Company, and secured by deed of trust on the property described in said certificate of ownership.

[2] Is the doctrine of ultra vires applicable to this case? The doctrine of ultra vires has never been held to apply to a corporation's torts, but is limited to its contractual relations. National Bank v. Graham, 100 U. S. 699, 702, 25 L. Ed. 750; Merchants' Bank v. State Bank, 10 Wall. 604,

645, 19 L. Ed. 1008; Burke v. State, 64 Misc. Rep. 558, 119 N. Y. S. 1089; 4 Words and Phrases, Second Series, p. 1035, and cases therein cited. This action not being one based on contract, but on a tort fraud, it follows that the doctrine cannot be invoked here.

But plaintiff in error says that it was not acting in the capacity of a trustee; that the word "trustee," in legal phraseology and in common speech, means one who holds the title to property in trust for the benefit of another; that it clearly appears from the complaint that the bank neither had nor claimed to have title to any property. It only had possession of the securities, and therefore, if liable at all, was liable as a bailee only.

[3, 4] The answer is that it is not important whether the plaintiff in error stood in the relation of trustee or bailee to the plaintiff below. Neither the question of negligence or power to contract is involved. This suit is founded in tort, and the determining question is "Were the representations made false?" Negligence and fraud are not identical either in their nature or effect. Negligence is the absence of proper attention to duty, but fraud is always a positive and willful device, resorted to with intent to in some manner injure another, in which the mind concurs with the act. If, then, as plaintiff in error argues, it was merely a gratuitous bailee, it comes squarely within the rule that false representations made by a disinterested party without motive to depart from the truth, i. e., in the light of a friend, which throw a vendee off his guard, and aid in his being misled by the deceitful representations of the vendor, is accountable in damages. Medbury v. Watson, 6 Metc. (Mass.) 246, 39 Am. Dec. 726.

[5] The demurrer admitted all the facts in the pleading well pleaded.

[6] Further complaint is made in the brief that the lower court erred in allowing plaintiff below interest on her claim. However that may be, it is sufficient answer thereto to say that the point is not preserved in the bill of exceptions, nor assigned as error, and therefore is not reviewable.

Because of what has been said, the only remaining error assigned, that the court erred in overruling plaintiff in error's motion to strike certain portions of the complaint, becomes unimportant and need not be noticed.

Affirmed.

STONE, Circuit Judge. I concur with the result and the majority opinion but, for the purpose of emphasizing one matter in the first point decided, I think it advisable to state that matter as follows: It is contended that the language of the statement is vague and indefinite, not the meaning of a guaranty, and that doubts as to such meaning should be resolved in favor of the bank because it was a mere gratuitous bailee. I think the language is clear and that the purpose and effect thereof is plain. The plan, clearly outlined by this instrument and the indorsement of the bank thereon, is that the loan company was selling fractional interests in a first mortgage note; that an important feature of that plan was that the note and accompanying securities should be deposited with a responsible agency to be held by it until these fractional interests had been retired; that the statement by the bank was intended by it to assure prospective purchasers of such interests that such deposit had been made. This statement was intended to induce purchase of fractional interests and to be relied upon by such purchasers. The meaning and intendment of the statement was that the note and securities described in the certificate had been deposited with it as trustee and would be held by it as such for the purposes set forth in the certificate. It is unnecessary to inquire here whether this statement carried with it an absolute guaranty that the papers deposited amounted to and were enforceable as a first mortgage lien on the property described. It may well be that ordinarily the only guarantee would be that papers in form and purporting to be as described had been deposited. But if the bank knew at the time it made the statement that these papers, though perfect in form, did not carry a first lien and, in fact, were unenforceable, it was its duty not to make a statement for the purpose of inducing action on the idea that the papers were, so far as it knew, at least what they purported to be. Such a statement was in effective furtherance of a fraud upon prospective purchasers and palpably calculated to deceive them. Such deceit and fraud constitute a legal wrong for which recovery may be had in tort.