## DOUGLAS WEEAKS V. STATE

No. 27,934. February 8, 1956.
Appellant's Motion for Rehearing Denied
April 18, 1956.

Appellant's Second Motion for Rehearing Denied
(Without Written Opinion) May 16, 1956.

*Victor B. Rogers*, Austin, for appellant.

*Leon Douglas*, State's Attorney, Austin, for the state.

WOODLEY, Judge.

The conviction is for perjury; the punishment, two years.

Perjury was assigned upon the testimony of appellant given on June 21, 1954, in a cause pending in the district court of Kendall County, Texas, wherein he was sworn as a witness in his own behalf and testified that he had never been convicted of a felony in the State of Texas or any other state in the United States, whereas in truth and in fact he had been convicted of felony theft in Caldwell County, Texas, in October 1953.

The indictment alleged that in said cause appellant was duly and legally charged by indictment in the district court of said county "with having obtained money, goods, with intent to defraud, by giving, drawing check, draft or order without sufficient funds, as alleged in the indictment, and of which said judicial proceeding the said court then and there had jurisdiction."

It was further alleged in the indictment that issue was joined before the judge, the defendant having waived the right of a trial by jury.

Art. 408 V.A.C.C.P. provides, in part:

"* * * and it is not necessary in such indictment to set forth the pleadings, records or proceeding with which the false statement is connected, nor the commission or authority of the court or person before whom the false statement was made; but it is sufficient to state the name of the court or officer by whom the oath was administered with the allegation of the falsity of the matter on which the perjury or false swearing is assigned."

The rule appears to be that the indictment must directly allege that the court had jurisdiction of the judicial proceeding in which the perjury was committed, or it must allege the facts which clearly show such jurisdiction, either mode of showing jurisdiction being sufficient. Branch's Ann. P.C., Sec. 835, p. 470; State v. Webb, 41 Tex. R. 67; State v. Oppenheimer, 41 Tex. R. 82; Cox v. State, 13 Tex. Appeals 479; Powers v. State, 17 Tex. Appeals 428; Anderson v. State, 18 Tex. Appeals 17; Green v. State, 86 Tex. Cr. Rep. 556, 217 S.W. 1043.

Upon the trial, it was established that appellant waived a jury and pleaded guilty, and it was stipulated that the court had jurisdiction of the cause in which appellant testified that he had never been convicted of a felony.

In view of this stipulation, it was not necessary for the state to establish that the offense for which appellant was on trial on June 21, 1954, was a felony.

An issue, if not the sole issue, to be determined by the judge was the punishment to be assessed, appellant having pleaded guilty. Evidence to the effect that appellant had never been previously convicted was material on this issue and especially upon the question of whether or not he should receive

the benefits of the Adult Probation and Parole Law, Art. 781b V.A.C.C.P.

The record shows that probation was in fact granted to appellant.

Said Article 781b V.A.C.C.P. provides that the court shall have power, after conviction *or* a plea of guilty—where the defendant has not been previously convicted of a felony—to suspend the imposition or execution of sentence and grant probation.

Upon his perjury trial, the plea of insanity was urged, which was submitted to the jury and by them rejected.

The state's proof established that the testimony assigned as perjury was given and that it was false, the truth being that he had been previously convicted as alleged in the indictment.

In appellant's brief we find various complaints regarding the court's charge. None of these matters are before us, no objections having been timely filed and exceptions reserved.

The absence of such objections to the charge also disposes of the contention that the burden of proving insanity of appellant shifted to the state when his temporary commitment to the Texas State Hospital for "observation and/or treatment" was shown.

An issue was made and there was testimony pro and con on the issue of insanity. There is, however, sufficient evidence to sustain the finding of the jury that appellant knew right from wrong and was sane at the time he gave the false testimony on June 21, 1954.

The judgment is affirmed.

DAVIDSON, Judge dissenting.

I cannot agree to the affirmance of this case for two reasons: (a) The indictment is fatally defective, and (b) the evidence does not authorize the conviction.

The indictment in this case alleged, in effect, that appellant was on trial under an indictment in the district court of Kendall County, in Cause No. 791, for the offense of "having ob-

tained money, goods, with intent to defraud, by giving, drawing check, draft or order without sufficient funds." It was alleged that the court "had jurisdiction, and wherein issue was then and there duly joined between the State of Texas and the said Douglas Weeaks," and that the defendant waived the right of trial by jury and entered his plea of guilty. It was further alleged that it then and there became and was a material inquiry before said judge in the trial of said judicial proceedings whether the defendant had ever before been convicted of a felony in the State of Texas or in any other state of the United States, and that appellant testified, under oath, upon that trial that he had never been so convicted, when in truth and in fact he had been convicted, prior thereto, of a felony in the district court of Caldwell County.

Succinctly stated, the perjury assigned was that, upon the trial under his plea of guilty before the court to the offense of obtaining property with intent to defraud by drawing a check without sufficient funds, appellant falsely testified that he had never been convicted of a felony.

The defect in the indictment lies in the fact that there are no allegations showing that the district court of Kendall County had jurisdiction over the subject matter—that is, jurisdiction of the offense for which the appellant was on trial.

In order for the crime of perjury to arise in the trial of a criminal case, the trial court must have jurisdiction of the offense for which the accused is on trial. This has so long been the rule in this state that it ought, now, to be deemed fundamental. 32 Tex. Jur., Sec. 10 p. 789; Moss v. State, 47 Tex. Cr. R. 459, 83 S.W. 829.

The essential elements necessary to constitute the offense charged must be alleged in the indictment. In Wilson v. State, 27 Tex. App. 47, 10 S.W. 749, in keeping with what has been stated, this court said:

"In all cases of prosecution for perjury committed in a judicial proceeding it must be made to appear, by the allegations of the indictment, that the court had jurisdiction of the judicial proceedings, and it is equally as important and necessary that the evidence should sustain the allegation in order to warrant a conviction."

The indictment alleged the offense for which appellant was

on trial as that of "having obtained money, goods, with intent to defraud, by giving, drawing check, draft or order without sufficient funds."

No offense by that name is known to the statute law of this state.

If such language be given the construction that the state was thereby intending to charge that appellant had violated the socalled hot check law (Art. 567b, P.C.) the allegations fall far short of alleging a violation of that law, because there is no allegation that the check, draft, or order was drawn with knowledge that there were "not sufficient funds in, or on deposit with, such bank, person, firm or corporation, for the payment of such check, draft or order * * * *."

It must be remembered that it is not unlawful for one merely to draw a check or draft on a bank without sufficient funds therein with which to pay it. The unlawful act lies in the intent to defraud, with knowledge that there are not sufficient funds on deposit with which to pay it.

On its face, then, the instant indictment does not charge that appellant was on trial for an offense against the laws of this state.

But, conceding for the sake of argument that the allegations of the indictment were sufficient to charge that appellant was on trial for a violation of the "hot check" law (Art. 567b, P.C.), even then the indictment has not charged that appellant was on trial for an offense within the jurisdiction of the district court of Kendall County—that is, a felony. A felony offense under Art. 567b, P.C., arises only when the amount of the check is $50 or more. If the amount of the check was for a lesser amount, the offense was a misdemeanor and not within the jurisdiction of that court. For the district court of Kendall County to have had jurisdiction for an offense under Art. 567b, P.C., there would have to be an allegation that the amount of the check was $50 or more.

There is no escape from the conclusion, it seems to me, that the indictment failed to allege that appellant was on trial for a felony in the district court of Kendall County, and, for that reason, jurisdiction of that court over the offense is not alleged in the indictment.

My brethren suggest that when the indictment charged, merely, that the court had "jurisdiction," that was all the allegation necessary to show jurisdiction.

As there used, the term "jurisdiction" is entirely a legal conclusion on the part of the pleader, and is wholly insufficient. But if it be conceded that the mere saying that the court had "jurisdiction" satisfied the law, the indictment refutes and nullifies that allegation when it describes and sets forth the offense charged, and thereby shows that it was not an offense over which the district court had jurisdiction. In other words, the description which the indictment gave of the offense destroyed the general allegation of jurisdiction.

Because the indictment thus failed to allege that appellant was on trial in the district court of Kendall County for a felony offense or to allege facts that would constitute such an offense, the jurisdiction of that court was not alleged, and the indictment is fatally defective. A court does not obtain jurisdiction just by saying that it has jurisdiction, nor can jurisdiction be the subject of an agreement or stipulation. Jurisdiction must be shown.

The judgment of the trial court should be reversed and the prosecution dismissed.

Now, what about the sufficiency of the evidence to support this conviction?

Not only did the indictment fail to allege jurisdiction, but the proof wholly fails to show the jurisdiction of the district court of Kendall County over the offense for which appellant was on trial.

The evidence, introduced by way of a stipulation, reflects that the appellant, in Cause No. 791, in the district court of Kendall County, was on trial under indictment for the "offense of obtaining money, goods, with intent to defraud by giving or drawing check, draft or order without sufficient funds." The offense was described in almost the exact language as that set forth in the indictment.

The indictment in Cause No. 791 was not offered in evidence. We are not in possession of any information as to its contents or whether it charged an offense against the laws of this state.

The judgment of the court in Cause No. 791, which was offered in evidence, nowhere finds appellant guilty of a felony but finds him guilty only of the offense stated in the indictment in that case. The sole statement in all the evidence by which it could be surmised that the offense was a felony is that the trial court assessed a punishment of five years in the penitentiary.

The indictment and the offense charged therein control the jurisdiction of a trial court over the subject matter. Unless and until that is shown, the court is powerless to enter any judgment in the case. The judgment, therefore, cannot supply or authorize jurisdiction.

In the trial of this case, the state wholly failed to show that the district court of Kendall County had jurisdiction over the subject matter—that is, an offense against the laws of this state within its jurisdiction. It follows that there is no evidence that the crime of perjury was committed by the giver of false testimony on the trial of such a case.

I respectfully enter my dissent to the affirmance of this case.

### ON APPELLANT'S MOTION FOR REHEARING

DICE, Judge.

Appellant, in his motion for rehearing, in support of his contention that the allegations of the indictment were insufficient to show that the district court of Kendall County had jurisdiction over the proceedings in which it was charged the perjury was committed, emphasizes the misspelling of the word "defraud" in the allegation describing the offense with which he was charged.

The indictment alleged that appellant was duly and legally charged by indictment "with having obtained money, goods, with intent to *degraud*, by giving, drawing check, draft or order without sufficient funds, as alleged in the indictment, etc."

The misspelling of words does not render invalid an otherwise good indictment if the sense is not affected and the meaning cannot be mistaken. Branch's Ann. P.C., sec. 490, p. 254; 24 Tex. Jur., sec. 25, p. 622; Florence v. State, 160 Tex. Cr. R. 591, 273 S.W. 2d 631.

We do not think the misspelling of the word affected the meaning of the indictment or that the appellant was misled thereby. The allegations in the indictment clearly show that it was meant to allege that appellant was charged with the offense of obtaining property with intent to defraud, and were sufficient to charge the offense.

We remain convinced that the jurisdiction of the court in which it was charged that the perjury was committed was sufficiently alleged in the indictment, established upon the trial, and that appellant's testimony that he never had been previously convicted of a felony was upon a material issue in the trial.

The motion for rehearing is overruled.

Opinion approved by the Court.