Audree Lacey McCULLAR, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–83–00171–CR.

Court of Appeals of Texas, El Paso.

Aug. 1, 1984.

C. Jeff Minor, Schwartz, Earp, McClure, Cohen & Stewart, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., El Paso, for appellee.

Before STEPHEN F. PRESLAR, C.J., and WARD and OSBORN, JJ.

OPINION

WARD, Justice.

This is an appeal from a conviction for aggravated perjury. The jury assessed punishment at four years imprisonment. We reverse.

■ Appellant has presented four pro se grounds of error and two additional grounds via counsel. The two grounds presented through counsel are without merit. In essence, the State charged that Appellant gave perjured testimony during a writ of habeas corpus proceeding. The evidence disclosed that Appellant was awaiting trial for third-degree felony theft. He sought reduction of his pretrial bail in the 210th District Court, Judge Sam Paxson presiding. In that proceeding, he allegedly gave false testimony that he had never previously been confined in a penitentiary. In fact, he had served a three-year sentence in a Mississippi penitentiary following conviction for burglary.

During the instant trial, Judge Paxson testified that Appellant's testimony influenced him to reduce two of the bonds pending at the time of the writ hearing. The witness did not relate the offenses charged. The defense objected to the reference to multiple bonds, implying to the jury multiple offenses. The objection was not timely. State's Exhibit No. Two, the writ hearing transcript, was already introduced into evidence without objection and indicates at least four offenses, one felony theft and the rest burglaries of habitations. Any error was waived. Ground of Error No. One is overruled.

■ Ground of Error No. Two alleges error in denial of a requested limiting instruction. The instruction would have restricted the jury's consideration of the Mississippi conviction and the charges pending at the time of the alleged perjury to a determination of Appellant's identity as the alleged actor. The request was properly refused. Both items of evidence were relevant to elements of the offense under Tex. Penal Code Ann. secs. 37.03 and 37.04 (Vernon 1974). Such proof tended to establish the falsity of the sworn testimony and its materiality to the writ proceedings. Ground of Error No. Two is overruled.

■ The State has not responded to Appellant's pro se grounds of error. Pro se Ground of Error No. Two challenges the sufficiency of the indictment with regard to culpable mental state. The contention is without merit. *Ex parte Prophet,* 601 S.W.2d 372, 374 (Tex.Crim.App.1980); *Teniente v. State,* 533 S.W.2d 805 (Tex.Crim. App.1976). Pro se Ground of Error No. Two is overruled.

Likewise, the evidence was clearly sufficient to support the jury verdict. Pro se Ground of Error No. Four is overruled.

We nonetheless agree with the contentions raised in pro se Grounds of Error Nos. One and Three. The indictment fails to allege the court in which the alleged perjury occurred, fails to allege the jurisdiction of that court or facts demonstrating such jurisdiction, fails to identify the judge or other person administering the oath and fails to traverse the substance of the allegedly false statement. Tex.Code Crim. Pro.Ann. art. 21.14 (Vernon Supp.1984); *Weeaks v. State,* 163 Tex.Cr.R. 226, 289 S.W.2d 758 (1956); *Green v. State,* 86 Tex. Crim. 556, 217 S.W. 1043 (1920); *Turner v. State,* 30 Tex.App. 691, 18 S.W. 792 (1892); *Anderson v. State,* 18 Tex.App. 17 (1885); *State v. Oppenheimer,* 41 Tex. 82, 83 (1874). While the cited authority is somewhat less than current, the statute is still in effect. The more precise pleading is offered by example in W. Morrison and T. Blackwell, *Willson's Texas Practice Criminal Forms,* secs. 15.01 and 15.02 (West 8th ed. 1977) and P. McClung, *Jury Charges for Texas Criminal Practice (Indictments and Information),* pages 391–392 (1983). An examination of more recent cases discloses the use of the more detailed pleadings. *See: Mitchell v. State,* 608 S.W.2d 226 (Tex.Crim.App.1980); *Ex parte Burkett,* 577 S.W.2d 265 (Tex.Crim.App. 1979); *Cowart v. State,* 508 S.W.2d 613 (Tex.Crim.App.1974). The indictment in this case is unmatched for brevity in the case authority dealing with or at least quoting charging instruments which allege perjury committed during judicial proceedings. We find that it is fundamentally defective in the particulars noted. Because it is fundamentally defective, we sustain pro se Grounds of Error Nos. One and Three.

The judgment is reversed and the cause dismissed.