**Audree Lacey McCULLAR**

v.

**The STATE of Texas, Appellee.**

**No. 906–84.**

Court of Criminal Appeals of Texas, En Banc.

Sept. 25, 1985.

C. Jeff Minor, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., and James B. Dowling, Asst. Dist. Atty., El Paso, Robert Huttash, State's Atty., and Alfred Walker, First Asst. State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

MILLER, Judge.

Appellant was tried and convicted before a jury in El Paso County for the offense of aggravated perjury. See V.T.C.A. Penal Code § 37.03. The jury assessed punishment at four years confinement in the Texas Department of Corrections. Appellant appealed his conviction, claiming six grounds of error. The El Paso Court of Appeals agreed only with appellant's first and third grounds of error, relating to fundamental error in the indictment, and sustained those grounds to reverse the conviction and dismiss the cause. *McCullar v. State,* 674 S.W.2d 920 (Tex.App.—El Paso 1984). We granted the State's petition for discretionary review to consider the finding of fundamental defect in the indictment. We reverse the Court of Appeals.

The Court of Appeals concluded that the indictment "fails to allege the court in which the alleged perjury occurred, fails to allege the jurisdiction of that court or facts demonstrating such jurisdiction, fails to identify the judge or other person administering the oath and fails to traverse the substance of the allegedly false statement." *Id.* at 922. This conclusion, as a matter of literal fact, is accurate. The relevant portion of the indictment reads:

"... AUDREE LACY [sic] MCCULLAR, hereinafter styled Defendant, on or about the 24th day of June One Thousand Nine Hundred and Eighty-Two and anterior to the presentment of this indictment, in the County of El Paso and State of Texas, did then and there unlawfully with intent to deceive and with knowledge of the statement's meaning the said AUDREE LACY [sic] MCCULLAR made a false statement under oath, to-wit: that he had never been in the penitentiary anywhere, said statement being required or authorized by law to be made

under oath, and said statement was a material statement, and was made during or in connection with an official proceeding, to-wit: a Writ of Habeas Corpus, ..."

We hold, however, that these omissions did not constitute fundamental defects.

▆▆▆ Fundamental defects in the description of an offense result when the State fails to allege all of the essential elements of an offense. *Benson v. State,* 661 S.W.2d 708 (Tex.Cr.App.1983); *Ex parte Burkett,* 577 S.W.2d 265 (Tex.Cr. App.1979). The offense of aggravated perjury is described in V.T.C.A. Penal Code, § 37.03, and its essential elements were completely set forth by this court in *Ex parte Burkett,* supra, at 265–266:

"The applicable elements of aggravated perjury, as defined in Chapter 37 of the Penal Code, are:

1. A person;

2. With intent to deceive;

3. With knowledge of the statement's meaning;

4. Makes a material false statement under oath;

5. When the law authorized or required the statement to be made under oath;

6. During or in connection with an official proceeding."

The indictment in question, although "unmatched for brevity," contains each of the essential elements listed above. *McCullar,* supra at 922. None of the omissions noted by the Court of Appeals correspond to any of the essential elements.

The Court of Appeals relied upon a series of cases which are "somewhat less than current." *d.* See *Weeaks v. State,* 163 Tex.Crim. 226, 289 S.W.2d 758 (1956); *Green v. State,* 86 Tex.Crim. 556, 217 S.W. 1043 (1920); *Turner v. State,* 30 Tex.Crim. 691, 18 S.W. 792 (1892); *Anderson v. State,* 18 Tex.Crim. 17 (1885); *State v. Oppenheimer,* 41 Tex. 82 (1874). Each of these cases, in turn, relied upon common law forms and requirements for pleading the offense of perjury, even though that reliance was misplaced because of cod-

ification and the rejection of common law rules since 1856. The cited cases do support the Court of Appeals' conclusion as to the requirements for a perjury indictment, but we find that those requirements are archaic and can safely be rejected and supplanted by the elements set out in the Penal Code definition of perjury, supra.

The Court of Appeals also relied upon Art. 21.14, V.A.C.C.P., which is still in effect in substantially unchanged form, and which was originally enacted as part of the "Common Sense Indictment Act of 1881" (Gammel's General Laws of Texas, 1879–1889, General Acts of the 17th Leg. pp. 60–63). It provides:

"An indictment for perjury or false swearing need not charge the precise language of the false statement, but may state the substance of the same, and no such indictment shall be held insufficient on account of any variance which does not affect the subject matter or general import of such false statement; and it is not necessary in such indictment to set forth the pleadings, records of proceeding with which the false statement is connected, nor the commission of authority of the court or person before whom the false statement was made; *but it is sufficient* to state the name of the court or officer by whom the oath was administered with the allegation of the falsity of the matter on which the perjury or false swearing is assigned." (Emphasis added.)

▆▆▆ The passage beginning with the underscoring could arguably be construed in favor of the Court of Appeals' conclusion that the indictment must identify the judge or other person administering the oath. We agree with the State, however, that it should not be so construed. It does not by its terms mandate, nor does it intend to absolutely require, such an identification. In the absence of any illuminating legislative history, we conclude that Art. 21.14 was passed to eradicate some of the old common law rules of practice, and did not purport to add an essential element to the offense of perjury. Naming the court or

person who administered the oath is not an element and is not essential to an element of the offense. It could be a helpful, informative allegation, and one which the State might make in response to a motion to quash, but its omission in this case does not render the indictment fundamentally defective. The judgment of the Court of Appeals is reversed and cause remanded for consideration of appellant's grounds of error not yet addressed by that court.