**Emilio HERNANDEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–87–443–CR.**

Court of Appeals of Texas,
Corpus Christi.

Nov. 17, 1988.

Rehearing Denied Dec. 15, 1988.

---

Reynaldo S. Cantu, Jr., Brownsville, for appellant.

Ben Euresti, Jr., Brownsville, Sharon McRae, San Antonio, for appellee.

Before NYE, C.J., and UTTER and SEERDEN, JJ.

## OPINION

NYE, Chief Justice.

A jury found appellant, Emilio Hernandez, guilty of aggravated perjury. The jury assessed as punishment two years' confinement in the Texas Department of Corrections, probated for two years. We reverse the judgment of the trial court and order that a judgment of acquittal be entered.

On January 30, 1987, appellant, Emilio Hernandez, voluntarily appeared before a grand jury. He was placed under oath and advised of the allegations pending against him which were solicitation of a gift by a public servant and bribery. He was asked by Officer Rodriguez whether he had ever purchased a campaign billboard for Jesse Sloss. Appellant, Emilio Hernandez, responded: "And then through the campaign, not through me, we bought some—I don't remember who was his campaign manager, I think it was his wife, bought some of those Esparsa billboards." The State then asked appellant, Emilio Hernandez, if the billboards were paid for out of his own pocket. He said no. The State also asked him if the billboards were paid for out of

the Jesse Sloss campaign fund. He said yes.

Based on this testimony, the State indicted appellant, Emilio Hernandez, for aggravated perjury. In its indictment, the State alleges that appellant, Emilio Hernandez, perjured himself by testifying that the billboards were purchased through the Sloss campaign and not through himself when in truth and in fact he, and not the Sloss campaign, purchased the billboards on behalf of Jesse Sloss. Appellant, Emilio Hernandez, asks us to consider three points of error.

■ By his first and third points of error, appellant, Emilio Hernandez, argues that the evidence was insufficient to support his conviction because the State failed to prove that he and *not* the Sloss campaign had paid for the billboards as alleged in the indictment, and that the evidence was insufficient to prove that he made a false statement to the grand jury.

In reviewing the sufficiency of the evidence, to support a conviction, we look at all the evidence in the light most favorable to the verdict or judgment and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Houston v. State*, 663 S.W.2d 455, 456 (Tex. Crim.App.1984).

In order for the jury to find appellant, Emilio Hernandez, guilty of perjury, the State had to prove, beyond a reasonable doubt, that he, with intent to deceive and with knowledge of the statement's meaning, made a material false statement under oath when the law required or authorized the statement to be made under oath during or in connection with an official proceeding. Tex.Penal Code Ann. § 37.03(a) (Vernon 1974); *see also McCullar v. State*, 696 S.W.2d 579, 581 (Tex.Crim.App.1985).

The evidence shows that very early in 1985, appellant, Emilio Hernandez, contacted an advertising company known as Valley Displays for the purpose of reserving some advertising space for Jesse Sloss. Appellant, Emilio Hernandez, signed a contract with the company to provide political posters at a cost of $3,440.40. This contract, dated August 8, 1985, lists appellant, Emilio Hernandez and not the Sloss campaign, as the advertiser. His signature appears at the bottom of the contract. The contract asks the undersigned to state whether he is acting as an agent, or on behalf of another person. However, this request is answered "NA."

The manager of Valley Displays, Emilio Escobar, testified that he dealt solely with appellant, Emilio Hernandez, during the contract negotiations and the actual purchase of the billboards. He also testified that appellant, Emilio Hernandez, told him that he was acting on behalf of the Jesse Sloss campaign. Escobar stated that each billboard manifested a disclaimer, signifying that each was paid for by the committee to re-elect Jesse Sloss. This disclaimer was taken from some political literature which appellant, Emilio Hernandez, gave to Escobar.

Many people gave financial contributions to appellant, Emilio Hernandez, for the purpose of purchasing campaign billboards on behalf of the Jesse Sloss campaign. Moreover, the testimony of Hortencia Sloss, wife of Jesse Sloss, indicates that the Jesse Sloss campaign was cognizant of appellant's/Emilio Hernandez' efforts to solicit contributions for this specific purpose. She also testified in effect that Jesse Sloss and his campaign authorized the purchase of the campaign billboards.

However, appellant, Emilio Hernandez, paid for the billboards with cash and three checks, none of which were issued from the Sloss campaign. One of these checks lists appellant, Emilio Hernandez, as payee. This check is drawn on the account of Eddie Hernandez and signed by him. Eddie Hernandez testified that appellant, Emilio Hernandez, told him that he was collecting money for the Jesse Sloss campaign fund. He also testified that this money was intended for the purchase of billboards for the Jesse Sloss campaign. Another check was made payable to "cash" and drawn on the professional account of Dr. or Mrs. Ernesto S. Davila. The check is signed by Mrs. Ernesto S. Davila. Davila testified that she gave this money to appel-

lant, Emilio Hernandez, for the purchase of billboards on behalf of the Jesse Sloss campaign. She made the check payable to cash because the money was intended as a personal expense. The third check is a payroll check dated October 4, 1985, and made payable to Ramon R. Reyna. Reyna testified that he did not contribute to the Sloss campaign. However, he stated that prior to October of 1985, he was renting a home from appellant, Emilio Hernandez. Reyna did not remember where he cashed this check, but stated that he sometimes paid his rent by endorsing his payroll check over to appellant, Emilio Hernandez. Reyna's signature does appear on the reverse side of this check.

Appellant's/Emilio Hernandez' wife testified that Reyna wanted to pay his rent with this payroll check. She took the check from him, gave it to her husband, and he cashed it with money he had collected for the Jesse Sloss campaign. He then gave her the full amount of the check. She subtracted the rent amount and returned the difference to Reyna. She testified that neither she nor her husband contributed any money to the Jesse Sloss campaign fund.

Hortencia Sloss testified that she prepared the contributions and expenditures statement for the Sloss campaign. When asked if she knew how much appellant, Emilio Hernandez, personally contributed towards the billboard purchase, she stated that she was not sure but thought he gave Jesse Sloss $100.00. Appellant, Emilio Hernandez, did not give her a list of persons who contributed to the billboard fund. When she told him that the list was needed to prepare the statement, he told her to divide the cost of the billboards by four among himself and three other persons. On the statement in a column entitled "MKT Value and Description of gifts, use of property, or services," she designated appellant, Emilio Hernandez, as a contributor of $985.30 in billboards.

■ In order to prove, beyond a reasonable doubt, that appellant, Emilio Hernandez, perjured himself before the grand jury, the State had to show that he purchased the billboards with money out of his own pocket. The State failed to meet this burden. We are aware that in a circumstantial evidence case, the jury is authorized to accept or reject all testimony of any witness and they may look to all the evidence offered by the State as well as that offered by the accused. *Carlisle v. State*, 549 S.W.2d 698, 703 (Tex.Crim.App. 1977). Assuming the jury chose to disbelieve the witnesses' testimony that appellant, Emilio Hernandez, was soliciting or receiving contributions to purchase billboards on behalf of the Sloss campaign, the State only proved (1) that appellant, Emilio Hernandez, entered into a billboard purchase contract; and (2) that he paid for the billboards with cash and checks, none of which were issued from or made payable to the Sloss campaign. This, we feel, is not enough to prove, beyond a reasonable doubt, that appellant, Emilio Hernandez, paid for the billboards out of his own pocket.

■ A conviction based on circumstantial evidence cannot be sustained if the circumstances fail to exclude every other reasonable hypothesis except that of the guilt of the accused, and proof amounting to only a strong suspicion or mere probability is insufficient. *Guiton v. State*, 742 S.W.2d 5, 10 (Tex.Crim.App.1987). We hold that the evidence creates only a strong suspicion of appellant's/Emilio Hernandez' guilt of the offense charged. The first and third points of error are sustained.

Because of our disposition of points of error one and three, we need not review the merits of point of error number two.

We REVERSE the judgment of the trial court and order on REMAND that a judgment of acquittal be entered.