**Ex parte Charles BURKETT.**

**No. 60152.**

Court of Criminal Appeals of Texas,
Panel No. 2.

Feb. 21, 1979.

Paul G. Johnson and Michael L. Tobin, Huntsville, for appellant.

Before DOUGLAS, ROBERTS and ODOM, JJ.

## OPINION

DOUGLAS, Judge.

Charles Ray Burkett filed this application for writ of habeas corpus pursuant to Article 11.07, V.A.C.C.P.

On May 16, 1978, petitioner was convicted by a jury of the offense of aggravated perjury. Punishment was assessed at two years.

Petitioner contends that the indictment upon which he was convicted is fundamentally defective in that it fails to allege all of the elements of the offense of aggravated perjury. The relevant portions of the indictment charge that Burkett did:

". . . Personally appear at an official proceeding, to-wit: a trial in the 89th District Court of Wichita County, Texas, styled 'The State of Texas vs. Charles Ray Burkett', and being Cause No. 17,-758–C on the docket of said Court and in connection with and during said official proceeding and after being duly sworn by the Honorable Temple Driver, Judge of said Court authorized by law to administer oaths, made, under oath, a false statement, to-wit: when the said Charles Ray Burkett was asked Is it true that you have never before been convicted of a felony in this or any other State, he replied Yes, whereas in truth and in fact was convicted of the felony offense of theft of cattle on the 14th day of July, 1969, in the 50th Judicial District Court of Baylor County, Texas, in Cause No. 3003 styled the *State of Texas vs. Charles Ray Burkett*, and the said Charles Ray Burkett made said false statement with knowledge of the statement's meaning and with intent to deceive, and said statement was material to the issue under inquiry during said official proceeding as to whether the said Charles Ray Burkett was eligible for probation, and said false statement could have affected the course and outcome of said official proceeding. . . ."

The applicable elements of aggravated perjury, as defined in Chapter 37 of the Penal Code, are:

1. A person;
2. With intent to deceive;
3. With knowledge of the statement's meaning;
4. Makes a material false statement under oath;
5. When the law authorized or required the statement to be made under oath;
6. During or in connection with an official proceeding.

Petitioner contends that the indictment's failure to allege that "the statement is required or authorized by law to be made under oath" renders the indictment fundamentally defective.

■ Petitioner did not challenge the indictment during his original trial and even now does not contend that he was not given sufficient notice to defend himself against the charge. Article 21.17, V.A.C.C.P., provides:

"Words used in a statute to define an offense need not be strictly pursued in the indictment; it is sufficient to use other words conveying the same meaning, or which include the sense of the statutory words."

The exact words of the statute need not be alleged when there is no material difference between the allegations. *Nixon v. State*, 572 S.W.2d 699 (Tex.Cr.App.1978); *Church v. State*, 552 S.W.2d 138 (Tex.Cr.App.1977).

■ The indictment alleges that petitioner made the statement during an "official proceeding and after being duly sworn by the Honorable Temple Driver, Judge of said Court, authorized by law to administer oaths." An allegation that he took an oath, by someone authorized to give an oath, during an official proceeding necessarily indicates that the statements made under that oath were "authorized by law to be made under oath." The wording of the indictment and statute is sufficiently similar and there is no material difference. The indictment is proper.

Relief is denied.

ROBERTS, Judge, concurring.

The indictment fails to allege explicitly the element that "the statement is required or authorized by law to be made under oath." See Texas Penal Code, Sec. 37.-02(a)(2). I do not commend this form, but I am able to agree that it is not fundamentally defective. The allegation that the statement was made "in connection with and during said official proceeding," which was "a trial in the 89th District Court of Wichita County, Texas," necessarily implies that the statement was authorized by law to be made under oath. In this case, the allegation of the aggravating element [see Texas Penal Code, Sec. 37.03(a)(2)] has replaced and included an element of the simple offense.

I want to emphasize that our holding in this case for this offense of aggravated perjury may not apply to other offenses in which the allegation of an aggravating element would not include and replace an omitted element.

I concur in the denial of relief.