**Freddie Roy THOMAS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 58424.**

Court of Criminal Appeals of Texas, Panel No. 3.

Oct. 31, 1979.

**130**

Walter F. Splawn, Austin, for appellant.

Ronald D. Earle, Dist. Atty., and Bill White, Asst. Dist. Atty., Austin, Robert Huttash, State's Atty., Austin, for the State.

Before ROBERTS, PHILLIPS and DALLY, JJ.

## OPINION

DALLY, Judge.

This is an appeal from the conviction for the offense of burglary; the punishment, enhanced by two prior felony convictions, is imprisonment for life.

The appellant asserts in one of his grounds of error that a prior conviction used to enhance the punishment is void. It appears that he is correct, and therefore the judgment must be reversed.

To enhance the punishment in this case it was alleged that the appellant was convicted in Cause No. 46,383 in the 167th District Court of Travis County for the offense of theft. The indictment in Cause No. 46,383 in pertinent part alleges:

" . . . that Freddie Roy Thomas on or about the 4th day of February A. D. 1974, and before the presentment of the indictment, in the County of Travis, and State of Texas, with intent to deprive the owner, Jake Sandgarten, of property, namely, lawful United States currency, did unlawfully exercise control over and obtain such property which had a value of two hundred dollars ($200.00) or more."

The indictment in Cause No. 46,-383 is fundamentally defective because it fails to allege that the property was taken without the effective consent of the owner. V.T.C.A. Penal Code, Sec. 31.03(b)(1); *Reynolds v. State,* 547 S.W.2d 590 (Tex.Cr. App.1976); *Bradley v. State,* 560 S.W.2d 650 (Tex.Cr.App.1978). An indictment which is fundamentally defective is subject to collateral attack. *Ex parte McCurdy,* 571 S.W.2d 31 (Tex.Cr.App.1978); *Ex parte Mathis,* 571 S.W.2d 186 (Tex.Cr.App.1978).

Since the jury and not the court assessed the appellant's punishment we cannot reform the judgment and we cannot remand this case to the trial court for a new trial on punishment only. V.T.C.A. Penal Code, Sec. 12.42; *Hickman v. State,* 548 S.W.2d 736 (Tex.Cr.App.1977).

The judgment is reversed and the cause is remanded to the trial court.