**C.L. RICHARDSON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 3-82-078-CR.**

Court of Appeals of Texas, Austin.

July 20, 1983.

Discretionary Review Granted Nov. 2, 1983.

James H. Kreimeyer, Kreimeyer, Cain & Jezek, Belton, for appellant.

Arthur C. Eads, Dist. Atty., James T. Russell, Administrative Asst. Dist. Atty., Belton, for appellee.

Before SHANNON, POWERS and GAMMAGE, JJ.

GAMMAGE, Justice.

This is an appeal from a conviction for aggravated possession of less than 2000 but more than 200 pounds of marijuana. The appellant was tried before a jury which assessed his punishment at fifteen years in the Texas Department of Corrections.

The events giving rise to the offense for which appellant was indicted occurred in September 1981, after the effective date of Tex.Rev.Civ.Stat.Ann. art. 4476–15, § 4.051 (Supp.1982). This section was added to the Controlled Substances Act by enactment of House Bill 730 in the 67th legislature, 1981 Tex.Gen.Laws, Ch. 268, at 696 ff., which was signed by the Governor in May, 1981. Because the caption of this bill violates Tex. Const.Ann. art. III, § 35 (1955) by failing to give adequate notice of major changes in Texas law contained within the bill, the statute has been held unconstitutional. *Crisp v. State,* 643 S.W.2d 487 (Tex.App.1982, pet. granted); *Contra Bass v. State* (Tex.App.—Beaumont, No. 09–82–0091–CR, Nov. 3, 1982, pet. granted). We hold now, in accordance with *Crisp,* that because a void act can repeal nothing, the Controlled Substances Act stands as though House Bill 730 had never existed.

The Controlled Substances Act provides that the act for which appellant was indicted constitutes a third degree felony, Tex.Rev.Civ.Stat.Ann. art. 4476–15, § 4.05(b)(1) (1976), the punishment for which, set by reference to Tex.Pen.Code Ann. § 12.34 (1974), is confinement for not more than ten nor less than two years in addition to a fine not greater than $5,000. The punishment assessed appellant at trial is clearly beyond this range. Because this punishment is not authorized by statute, the conviction must be reversed. *See Reid v. State,* 171 Tex.Cr.R. 678, 353 S.W.2d 225 (1962).

Furthermore, by two grounds of error appellant challenges the admissibility and sufficiency of the evidence. If appellant's contentions are correct and the evidence is insufficient, the proper disposition of this cause would be reversal followed by acquittal. *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).

We turn first to appellant's second ground of error, wherein he challenges the warrant authorizing a search of his farm. The search resulted in the seizure of both marijuana and physical evidence linking appellant to the farm and the contraband. Appellant claims that the affidavit supporting the warrant failed to show probable cause and that the evidence seized was therefore inadmissible. We have reviewed the warrant, the affidavit supporting it, and the record of the hearing held pursuant to appellant's motion to suppress.

The affidavit contains a recitation informing the magistrate of some of the underlying circumstances from which an unnamed informant concluded that the contraband was where it was claimed to be. Further, the credibility of the unnamed informant and his named source, and the reliability of their information, is established by the statements of a law enforcement officer that their information about narcotics violations had proven to be true and correct in the past. We conclude that from the totality of the circumstances there was a substantial basis for concluding that probable cause existed. *See Illinois v. Gates,* —— U.S. ——, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).

We hold that the evidence seized was properly admitted by the trial court and considered by the jury. Appellant's ground of error number two is overruled.

In his first ground of error appellant asserts that the evidence was insufficient to support his conviction. The record reflects that plastic sheeting was seen from the air and was found covering cultivated marijuana; that appellant was an owner-operator of, and resided upon, the farm where the marijuana was found; that the field in which it was grown was within sight of his residence; that tape identical to that used

in covering and storing the marijuana was found in appellant's home; and that rope identical to that found near the storage site was found at appellant's front step. Having reviewed the totality of the evidence and the reasonable inferences to be drawn therefrom, we have determined that the evidence was sufficient to establish guilt beyond a reasonable doubt and to exclude all other reasonable hypotheses. *See Hankins v. State,* 646 S.W.2d 191 (Tex.Cr.App. 1983); *Sewell v. State,* 578 S.W.2d 131 (Tex. Cr.App.1979). Appellant's ground of error number one is overruled and we conclude that his contentions as to the admissibility and sufficiency of the evidence are incorrect.

The proper disposition of this appeal is therefore to reverse the judgment and remand the cause. We are unable to presume what punishment the jury would have assessed under the old statute. *See Bray v. State,* 531 S.W.2d 633 (Tex.Cr.App.1976). Also, because the jury rather than the court assessed punishment, we can neither reform the judgment nor remand to the trial court for new trial on punishment only. *Thomas v. State,* 589 S.W.2d 129 (Tex.Cr.App.1979). Accordingly, the judgment is reversed and the cause remanded to the trial court for new trial.