**Eddie W. WRIGHTEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 6–84–095–CR.**

Court of Appeals of Texas, Texarkana.

April 2, 1985.

---

**1.** *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct.    1602, 16 L.Ed.2d 694 (1966).

Clifton W. Holmes, Holmes Law Office, Longview, for appellant.

Carter Beckworth, Dist. Atty., John Tunnell, Asst. Dist. Atty., Longview, for appellee.

CORNELIUS, Chief Justice.

Eddie Wrighten appeals his conviction for aggravated sexual assault of a child. Punishment was enhanced because of two prior felony convictions, and assessed at life imprisonment. Wrighten contends that the trial court committed fundamental error by assuming an element of the offense in the court's charge, and that he was denied effective assistance of counsel in violation of state and federal constitutional provisions. We overrule both contentions and affirm the judgment.

The application paragraph of the court's charge to the jury provided:

> If you find and and (sic) believe ... beyond a reasonable doubt that ... EDDIE W. WRIGHTEN, did ... cause penetration of the vagina of LISA L. JONES, a child younger than fourteen (14) years of age, a person not the spouse of the said EDDIE W. WRIGHTEN, by the sexual organ,....

The charge tracked the indictment for aggravated sexual assault which was based upon Tex.Penal Code Ann. § 22.021 (Vernon Supp.1985). That article provides that a sexual assault is aggravated if the victim is under fourteen years of age. There was no objection to the court's charge.

Wrighten argues that the charge assumed the victim to be under fourteen years of age, and because the age of the victim was an essential element of the crime the assumption was fundamental error notwithstanding the lack of an objection. The argument is based upon decisions by the Court of Criminal Appeals holding that it is fundamental error to omit elements of the offense from the charge. *See Thomas v. State*, 589 S.W.2d 129 (Tex.Cr.App.1979); *West v. State*, 567 S.W.2d 515 (Tex.Cr.App.1978); *Bradley v. State*, 560 S.W.2d 650 (Tex.Cr.App.1978); *Wind-*

*ham v. State,* 530 S.W.2d 111 (Tex.Cr.App. 1975).

■ While we agree that the form of the court's charge improperly assumed an issue of fact, *Andrews v. State,* 652 S.W.2d 370 (Tex.Cr.App.1983); *Marlow v. State,* 537 S.W.2d 8 (Tex.Cr.App.1976), we are required by Tex.Code Crim.Proc.Ann. art. 36.19 (Vernon 1981) to review the record as a whole to determine whether or not the error was calculated to injure the rights of Wrighten and prevented him from receiving a fair and impartial trial. *Grady v. State,* 634 S.W.2d 316 (Tex.Cr.App.1982). A careful review of the record convinces us there was no injury and no deprivation of a fair trial. It was undisputed that the victim was under age fourteen.

■ Wrighten also alleges ineffective assistance of counsel. An ineffective assistance of counsel claim requires a two-step analysis. First the inquiry must be whether or not the defendant has demonstrated to a reasonable probability that but for the errors of counsel the result of the proceeding would be different. Such a finding should be made before proceeding to consider the second inquiry—whether there was reasonably effective assistance of counsel. *See Strickland v. Washington,* —— U.S. ——, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See also Ingham v. State,* 679 S.W.2d 503 (Tex.Cr.App.1984).

■ Here, while Wrighten has pointed out the specific errors he is complaining about regarding the alleged ineffective assistance of counsel, his only argument going to the resulting prejudice is that the jury took eleven minutes to convict him and only thirteen minutes to return punishment (when he had stipulated to the enhancement charges at the punishment phase). Of themselves, those facts are not enough to satisfy the *Strickland v. Washington* standard of a probability of prejudice.

The judgment is affirmed.