W.L. BRASHER, Appellant,

v.

The STATE of Texas, Appellee.

No. A14–85–504–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 14, 1986.

Michael Ramsey, August Toudouze, Houston, for appellant.

John B. Holmes, Jr., Eleanor M. McCarthy, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and ROBERTSON, JJ.

## OPINION

MURPHY, Justice.

A jury found appellant guilty of all charges made in a three-paragraph indictment alleging aggravated perjury. After a pre-sentence investigation, the court assessed a ten-year, probated sentence and a fine of $5,000.

The indictment accused appellant of making false statements while testifying before a grand jury of the 337th District Court of Harris County. The grand jury was investigating a shooting in which a police officer, Kendall R. Patterson, wounded a citizen, William H. Pressey.

Because four of appellant's five grounds of error concern sufficiency of the evidence, we will briefly relay the facts before addressing the grounds of error.

Shortly before 10 p.m. on October 14, 1983, appellant, a sergeant with the Houston Police Department, responded to a call on his car radio concerning a traffic accident at the intersection of Montrose and Hyde Park in Houston. An intoxicated driver had collided with several vehicles causing a significant traffic control problem. Patterson and other officers arrived at the scene to investigate the accident.

Witnesses' accounts of the shooting vary, but it is virtually undisputed that Pressey was slowly driving his pickup truck westbound on Hyde Park when Patterson spoke to him. After Pressey responded, Patterson ordered Pressey to stop his pickup and get out. Pressey did not stop and a shooting occurred.

Appellant's testimony before the grand jury and at trial was that Patterson shot Pressey to stop Pressey from running over appellant. Appellant said that he ordered Patterson to arrest Pressey because Pressey had uttered an obscenity at Patterson and refused to follow instructions to move on. Appellant claimed he was standing on Hyde Park a few feet in front of the pickup as Pressey gunned his motor in an apparent attempt to escape arrest. Appellant claimed he had to jump from in front of the truck to avoid being hit.

Patterson's version at appellant's trial matched appellant's version. Patterson maintained he shot Pressey in defense of appellant and then hung onto the truck as it turned the corner and sped down Montrose going north. Pressey said he fell off onto the esplanade on Montrose and the pickup continued until it struck a vacant house at the next intersection.

Two police officers at the scene that night testified at appellant's trial. Neither saw the shooting, but both testified that they heard the screeching tires of a quickly accelerating motor vehicle, then a shot. After the shooting, these officers and appellant composed written statements while sitting in one office at police headquarters.

Two civilian witnesses testified at appellant's trial. Raymond Rivera testified he saw Pressey's truck make a slow turn off of Hyde Park onto Montrose and heard Patterson ask Pressey to stop. When the truck continued to move, Patterson approached the side of the truck with another officer following four or five feet behind him. Patterson was at the driver's window of the truck and another officer was at the rear wheel of the truck when Rivera saw a flash and heard a shot. After the shot, the truck sped off. Rivera did not observe anyone in front of the truck either before or during the time the shot was fired.

The second civilian witness, Arthur Norman, was near his car on the median of Montrose when he heard someone shouting "stop, stop, stop" at the corner of Hyde Park and Montrose. Immediately thereafter he saw Pressey's truck slowly make a right turn from Hyde Park onto Montrose. Norman saw the appellant and Patterson running beside the truck with Patterson three or four steps ahead of appellant. When the truck had just completed the turn, Norman saw Patterson stumble and fall on the esplanade. Patterson immediately jumped up, pulled his revolver, ran three or four steps up to the truck and fired a shot into the truck. Appellant never got ahead of Patterson. Norman saw Pressey slump over in the truck, then saw the truck speed up and go out of control. Norman testified that the truck was going very slowly before the shot and he saw no one standing in front of the truck or jumping out from in front of the truck.

Other police officer witnesses testified about questioning appellant after the shooting. The doctor who treated Pressey in the emergency room testified that the gunshot wound would have immediately paralyzed Pressey in his left side and rendered him incapable of turning his truck to the right.

In three paragraphs, the indictment accused appellant of falsely telling the grand jury (1) Patterson shot Pressey while Pressey's pickup truck was traveling westbound on Hyde Park, (2) Patterson shot Pressey to keep Pressey from running into appellant, and (3) appellant had to jump from in front of Pressey's pickup truck to keep from being run over by the pickup truck. The jury found appellant guilty on all three counts.

The elements of aggravated perjury are: (1) a person, (2) with intent to deceive, (3) with knowledge of the statement's meaning, (4) makes a material false statement under oath, (5) when the law authorized or required the statement to be made under oath, (6) during or in connection with an

official proceeding. *McCullar v. State,* 696 S.W.2d 579, 581 (Tex.Crim.App.1985); *see also* Tex.Penal Code Ann. §§ 37.02, 37.-03 (Vernon 1974). Appellant's first two grounds of error concern the fifth element listed. In ground one he complains that the evidence was insufficient to prove that the law authorized or required the statements to be made under oath. In ground two he contends that the trial court commented upon the weight of the evidence when it instructed the jury that a statement made before a grand jury is required or authorized by law to be made under oath.

■ The foreman and the sergeant at arms of the grand jury and appellant himself all testified that appellant swore to the oath administered by the sergeant at arms. That oath was verbatim the oath required by the Code of Criminal Procedure. *See* Tex.Code Crim.Proc.Ann. art. 20.16 (Vernon 1977). The grand jury was convened by the 337th District Court of Harris County and was investigating allegations that a felony (the shooting) had occurred in Harris County. *See* Tex.Code Crim.Proc.Ann. art. 20.18 (Vernon 1977). We fail to see how this evidence failed to prove that the statement was authorized or required by law to be made under oath. Ground of error one is overruled.

Appellant uses ground two to contend that the court commented upon the weight of the evidence in the jury charge in two ways. First, the judge instructed that "a statement or testimony before such grand jury is required or authorized by law to be made under oath." He then included in all three application paragraphs the phrase "such statement then and there being required and authorized by law to be made under oath."

■ No objection to these parts of the charge was made at trial. We can reverse only if the error in the charge, if any, is so egregious and created such harm that the appellant has not had a fair and impartial trial. *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1985) (on rehearing).

■ There is no question that testimony before a grand jury is required or authorized to be made under oath. *See* Tex.Code Crim.Proc.Ann. art. 20.16 (Vernon 1977). The appellant does not complain that the grand jury was acting without jurisdiction or outside its authority. Even if the statements did comment on the weight of the evidence, there can be no egregious harm.

We note that the court of criminal appeals has held that an indictment charging aggravated perjury was not fundamentally defective even though the indictment failed to allege that the statements were authorized by law to be made under oath. *Ex parte Burkett,* 577 S.W.2d 265 (Tex.Crim. App.1979). The indictment in *Burkett* did allege that the appellant made the statement in an official proceeding after being duly sworn by a certain judge authorized to administer oaths. The court of criminal appeals held, "an allegation that he took an oath by someone authorized to give an oath during an official proceeding necessarily indicates that the statements made under oath were authorized by law to be made under oath." *Id.* at 266. It is not fundamental error for a court to assume a fact in the jury charge when there is no room to doubt or hesitate as to the existence of that fact. *Wrighten v. State,* 691 S.W.2d 724 (Tex.App.—Texarkana 1985, pet. ref'd). The second ground of error is overruled.

In his third ground of error appellant maintains that the evidence is not sufficient to sustain a conviction because appellant merely expressed an opinion when he told the grand jury that Patterson shot Pressey to stop Pressey from running over appellant. A perjurious statement is statutorily defined as "any representation of fact." Tex.Penal Code Ann. § 37.01(3) (Vernon 1974).

The particular exchange before the grand jury was this:

Q. Did Officer Patterson shoot Pressey to keep Pressey's pickup truck from running into any Houston police officer?

A. Yes, I feel he was helping to protect me.

Neither appellant nor the state cites authority directly on point. We recognize that a witness cannot be guilty of perjury in giving his opinion as to the legal effect of facts about which he is to testify. *Schoenfeld v. State*, 56 Tex.Cr.R. 103, 119 S.W. 101 (1909). In contrast, appellant's response was at most an opinion concerning a matter of objective fact.

In Texas a person who swears to facts in an affidavit made on affirmation or belief can be indicted for perjury. *Griffin v. State*, 137 Tex.Cr.R. 231, 128 S.W.2d 1197 (1939). Appellant's statement that he felt Patterson acted to defend him is analogous to facts stated in an affidavit made on information and belief. A person who willfully swears falsely to a belief in the existence of a fact which he knows does not exist is as guilty of perjury as if he had sworn directly to the existence of a fact which he knew did not exist. *People v. Dixon*, 99 Cal.App.2d 94, 221 P.2d 198 (1950).

■ Given the testimony of the civilian witnesses that the shooting occurred on Montrose while the truck was moving slowly with no officer visible in front of the truck, the evidence is clearly sufficient for the jury to have found that Brasher testified falsely. Appellant could not have believed Patterson was defending him if, as witnesses testified, he was behind Patterson and in no danger of being hit by Pressey's truck.

In civil cases fraud is determined from the words or other conduct manifesting to another the existence of a fact, including a state of mind. *Custom Leasing, Inc. v. Texas Bank & Trust Co.*, 516 S.W.2d 138, 142 (Tex.1974); *Ryan Mortgage Investors v. Berton Land Development Corp.*, 586 S.W.2d 887 (Tex.Civ.App.—Beaumont 1978, no writ). In the same way, appellant's state of mind when he testified before the grand jury must be considered a "representation of fact" as used in the penal code. Otherwise, a witness would be allowed to frustrate the inquiries of a grand jury by prefacing his sentences with words like "I believe," or "I feel." *See United States v.*

*Ponticelli*, 622 F.2d 985 (9th Cir.) *cert. den.* 449 U.S. 1016, 101 S.Ct. 578, 66 L.Ed.2d 476 (1980). Ground of error three is overruled.

■ In his fourth ground of error, appellant complains that the evidence was insufficient to prove he committed perjury by telling the grand jury he had to jump from in front of the truck. The offense of perjury can be proven by circumstantial evidence. *Bell v. State*, 144 Tex.Cr.R. 106, 161 S.W.2d 109, 111 (1942). If appellant was never in front of the truck, he could not have had to jump out of its way. Viewing the evidence in the light most favorable to the jury's verdict, the facts show that the appellant swore contrary to what he knew to be the truth. *Id.* 161 S.W.2d at 112. Ground of error four is overruled.

■ Appellant uses his last ground of error to attack the sufficiency of the evidence proving the appellant made the three statements with intent to deceive. Part of the state's case against the appellant concerned how he gave varying accounts of the incident. HPD Sergeant Burmester testified that appellant told him at the scene that Patterson hung onto the speeding truck until it hit a curb on Montrose causing him to fall; then Patterson recovered, drew his weapon and shot. At the grand jury proceeding and at trial appellant testified that after the shot was fired appellant saw Patterson hang onto the truck and eventually fall onto the esplanade of Montrose. The jury had before it sufficient evidence from which it could infer intent to deceive. *See Mitchell v. State*, 608 S.W.2d 226, 229 (Tex.Crim.App.1980); *Tanner v. State*, 681 S.W.2d 626 (Tex.App. —Houston [14th Dist.] 1983, pet. ref'd). The fifth ground of error is overruled. The conviction is affirmed.