Floyd KMIEC, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–01–00660–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 24, 2002.

---

J.C. Castillo, Houston, TX, for Appellant.

Jorge Luis Matos Ortiz, Assistant District Attorney, Bellville, TX, for the State.

Panel consists of Justices HEDGES, KEYES, and DUGGAN.[1]

## OPINION

ADELE HEDGES, Justice.

Appellant, Floyd Kmiec, was charged with aggravated perjury and he entered a plea of not guilty. The trial court found appellant guilty and assessed punishment at five years in prison, probated for five years, and a $500 fine. We affirm.

### Background

On May 9, 1999, appellant was arrested and jailed for resisting arrest, disorderly conduct, public intoxication, and assault. Appellant told the arresting officer that his

---

1. The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

name was "Anthony Kmiec." While in jail, appellant continued to use this name. When appellant posted bond, he used the name, "Tony Kmiec," which is his brother's name. Appellant also made two court appearances relating to the resisting arrest charge and signed two case-setting forms using the name, "Tony Kmiec."

On September 2, 1999, appellant signed, under oath, a waiver and admonishment form and entered a guilty plea to the resisting arrest charge using the name, "Tony Kmiec." This oath required appellant to swear that he had read and understood the form. The trial court then asked appellant, "Your name is Tony Kmiec?" Appellant answered in the affirmative. After the court assessed punishment, the clerk placed appellant under oath. The State proceeded to examine appellant regarding the dismissal of various related charges. While appellant was under oath, he stated for the record that his name was "Tony Kmiec."

## Aggravated Perjury

■ In his first point of error, appellant contends that the evidence is legally insufficient to support his conviction for aggravated perjury. To establish aggravated perjury, the State is required to prove that appellant, (1) with intent to deceive and (2) with knowledge of the statement's meaning, (3) made a false statement under oath (4) that was required or authorized by law to be made under oath, (5) in connection with an official proceedings, and (6) that the false statement was material. TEX. PENAL CODE ANN. §§ 37.02–.03 (Vernon 1994); McCullar v. State, 696 S.W.2d 579, 581 (Tex.Crim.App.1985). Appellant challenges the legal sufficiency of elements three, four, and six. He also contends that two of the three allegedly false statements were not given under oath.

■ In reviewing legal sufficiency, we view all the evidence in the light most favorable to the verdict to determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, (1979). We do not examine the fact-finder's weighing of the evidence, but merely determine whether there is evidence supporting the verdict. Clewis v. State, 922 S.W.2d 126, 132 (Tex. Crim.App.1996).

### A. False Statement

Under the perjury chapter of the Penal Code, a "statement" is defined as "any representation of fact." TEX. PENAL CODE ANN. § 37.01 (Vernon Supp 2002). Appellant claims that he did not make a false statement under oath when he stated that his name was "Tony Kmiec." He argues that "Tony Kmiec" was his alias name, another name by which he is known, and as such, cannot constitute a false statement.

At trial, the State presented evidence that "Tony Kmiec" was not appellant's alias. Instead, Tony Kmiec is the name of appellant's brother. Tony Kmiec testified that appellant was not known in their family or in the community as "Tony." On cross-examination, appellant admitted that he told the police that his name was "Tony Kmiec" because there were warrants out for his arrest under his real name and he did not want to go to jail. Appellant presented no evidence that he was known as "Tony Kmiec."

■ During a bench trial, the trial court is the exclusive judge of the credibility of the witnesses and the weight to be given to their testimony. Bocquet v. Herring, 972 S.W.2d 19, 22 (Tex.1998). The trial judge was free to believe that appellant's use of his brother's name was simply a lie to avoid going to jail, and not a name by

which he is otherwise known. Accordingly, we hold that this evidence is legally sufficient to support that appellant made a false statement.

### B. Required Or Authorized By Law to Be Made Under Oath

A person commits perjury if he "makes a false statement under oath ... and the statement is required or authorized by law to be made under oath." TEX. PENAL CODE ANN. §§ 37.02 (Vernon 1994). It is undisputed that the indictment contains neither the word "required" nor "authorized." The indictment charges that the alleged false sworn statement was "by law to be made under oath." The parties disagree about the significance of both the omissions in the indictment and the "by law" language that was used.

Appellant argues that this clause means that the State must prove that the alleged false statement was one that was required "by law" to be made under oath. Appellant argues that, because the law does not require a defendant to be under oath to enter a misdemeanor guilty plea, the State has not proved that his allegedly false statement was "by law to be made under oath."

The State disagrees, citing *Ex parte Burkett*, 577 S.W.2d 265 (Tex.Crim.App. 1979). In *Burkett*, the Court of Criminal Appeals rejected Burkett's contention that the indictment upon which he was convicted was fundamentally defective because it failed to allege that "the statement is required or authorized to by law to be made under oath." *Id.* at 266. The Court concluded that the allegation that Burkett took an oath, administered by someone authorized to give an oath, during an official proceeding necessarily indicates that the statements made under oath were "authorized by law to be made under oath." *Id.* The exact words of the statute need not be alleged in the indictment when

there is no material difference between the indictment and the statute. *Id.*

In the case at bar, the indictment alleged that appellant took an oath by someone authorized to give an oath, during an official proceeding. Under the holding in *Burkett*, this language necessarily indicates that the statements made under oath were "authorized by law to be made under oath." *See id.* It was not necessary for the State to prove that the appellant was required to make the statement under oath.

### C. The False Statement Was Material

 To satisfy a conviction for aggravated perjury the statement must be material. TEX. PENAL CODE ANN. § 37.03(a)(2) (Vernon 1994). A statement is material, regardless of admissibility of the statement under the rules of evidence, if it could have affected the course or outcome of the official proceedings. TEX. PENAL CODE ANN. § 37.04(a) (Vernon 1994). The issue is not whether the false statement in fact affected the course or outcome of the proceedings, but whether it could have affected the course or outcome of those proceedings. *Mitchell v. State*, 608 S.W.2d 226, 228 (Tex.Crim.App.1980). To do so, the false testimony must be related to the decision-making process of the proceeding. *Id.* Thus, "materiality" refers to "misstatements having some substantial potential for obstruction of justice" and excludes "utterly trivial falsifications." *Id.* Perjury may be assigned on false testimony as to facts that are collaterally, remotely, or circumstantially material. *Terrell v. State*, 801 S.W.2d 544 (Tex.App.-Houston [14th Dist.] 1990, pet. ref'd).

The State presented evidence showing that the false statement could have affected the course or outcome of the official proceeding. The district attorney testified

that it is important to know the correct identity of all persons his office prosecutes. Having the correct name enables the District Attorney's office to obtain the correct criminal history, which in turn affects the type of the plea bargain offered, if any.

### D. A False Statement Was Given Under Oath.

The only time appellant swore under oath that his name was "Tony Kmiec" was when the State examined him about the dismissal of various related charges, after the judge had sentenced him. To establish aggravated perjury, the false statement must be made "during or *in connection with* an official proceeding." TEX. PENAL CODE ANN. § 37.03 (Vernon 1994). Thus, in this case, the fact that appellant committed perjury after the judge sentenced him is not significant.

### Jury Waiver

■ In his second point of error, appellant contends that the lack of a written jury waiver was harmful. Article 1.13(a) provides, in relevant part, that a defendant "shall have the right, upon entering a plea, to waive the right of trial by jury, conditioned, however, that such waiver must be in person by the defendant in writing in open court with the consent and approval of the court, and the attorney representing the State." TEX.CODE CRIM P. art. 1.13(a) (Vernon Supp.2002).

Appellant argues that the record contains no evidence that he knowingly and intelligently waived his right to a jury trial in writing in open court. However, the judgment states that appellant waived a jury trial.

In *Johnson v. State,* the Court of Criminal Appeals held that, although article 1.13 was violated, Johnson was not harmed because the record reflects that he was aware of his right to a jury trial and chose a bench trial. 72 S.W.3d 346 (Tex.Crim. App.2002). In *Johnson,* the judgment stated that the defendant waived a jury trial. *Id.* at 349. The Court concluded that the statement was "binding in the absence of direct proof of its falsity," and that if the defendant waived a jury trial, then he must have known about his right to a jury trial. *Id.*

In this case, the judgment states that appellant "in person, in writing, and in open Court, waived right of trial by jury." Appellant did not present any direct evidence that the recitation was false. In the absence of such proof, we presume that appellant was aware of his right to a jury trial and opted for a bench trial. Although article 1.13(a) was violated because appellant did not waive his right to a jury in writing in open court, he was not harmed by the violation.

We overrule appellant's second point of error.

### Conclusion

We affirm the judgment of the trial court.