Opinion issued September 22, 2011.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00095-CR

———————————

GUADALUPE PEDRAZA, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 506th District Court

Grimes County, Texas



Trial Court Case No. 16,537

 



 

MEMORANDUM OPINION

Appellant, Guadalupe Pedraza,
pleaded guilty to the first degree felony offense of murder.[1]  Appellant pleaded guilty in open court
without an agreement as to punishment, and the trial court ordered a
pre-sentence investigation report and set a sentencing hearing.  After hearing evidence and argument of
counsel, the trial court assessed appellant’s punishment at thirty-two years’
confinement.  In two issues, appellant
contends that (1) the trial court improperly considered the testimony of a
probation officer concerning the contents of the pre-sentence investigation
report during the sentencing hearing and (2) the trial court erred in accepting
appellant’s guilty plea because the record contains no written evidence of
appellant’s waiver of his right to a jury trial.

          We
affirm.

Background

Appellant participated in a
drive-by shooting that resulted in the death of a woman.  Appellant pleaded guilty to first degree
murder.  The record contains a document
titled “Written Admonishments and Plea Bargain Agreement with Defendant’s
Written Waiver of Rights and Stipulation of Evidence.”  This document indicated that appellant was
charged with one count of murder, a first degree felony, with a punishment
range of five to ninety-nine years or life and a fine not to exceed
$10,000.  It contained admonishments
regarding plea bargains, the citizenship ramifications of a guilty plea, and
the right to appeal.  Finally, this
document stated that appellant had the right to a jury trial, the right to
confront witnesses, the right against self-incrimination, and the right to be
allowed certain periods of time to prepare for trial.  This document also indicated that appellant
and the State had not agreed on any plea bargain terms, that the case was not a
plea bargain case, and that appellant had the right to appeal.  It was signed by the trial court, appellant,
and his counsel.

On the record at the plea hearing,
the trial court stated, “I have a document in my hands right here whereby you
have apparently waived certain of your Constitutional rights; have you freely
and voluntarily waived those rights?” 
Appellant replied yes, and also replied that he had freely and
voluntarily signed the judicial confession. 
Appellant’s trial counsel asked to enter some evidence of his advice to
appellant and of appellant’s decisions into the record in open court.  Appellant, through his counsel’s questioning,
verified that counsel had advised him of the right to plead not guilty and the
right to go to trial, and he verified that he was aware that the State had
offered a plea bargain for thirty-five years’ confinement, and that, although
he was eligible for probation, the trial court was not likely to assess it in
his case.  Counsel concluded, “And it’s
your desire knowing all of these matters, knowing my advice, to go ahead and
plead guilty and ask the judge to punish you in this matter, right?”  Appellant responded, “Yes.” 

The trial court accepted appellant’s
guilty plea and ordered a pre-sentence investigation report (“PSI”) prepared
for consideration at the sentencing hearing. 
The PSI filed with the trial court indicated that appellant had no prior
criminal record, no current or past gang affiliations, and no history of
medical or psychiatric problems.  The PSI
also stated that appellant had completed school through the eighth grade,
appeared literate, but had never been employed. 
In the section of the report titled “Substance Abuse,” it provided that
appellant used cocaine and marijuana on a daily basis and that he used alcohol
and ecstasy on a monthly basis.  It
stated that the information regarding appellant’s drug use came from appellant
and the offense report.

The narrative portion of the PSI
elaborated further on appellant’s drug use history.  It stated:

During the PSI process, a
Substance Abuse Questionnaire (SAQ) was administered.  This instrument measures the levels of drug
and alcohol abuse, violent and antisocial behavior, aggressiveness and stress
coping.  The truthfulness scale
associated with this instrument indicated it was an accurate profile.  The alcohol scale scored in the problem risk
range.  It indicated that alcohol abuse
was evident.  Alcohol use or abuse is
likely focal issues [sic].  It advised
that an established pattern of alcohol abuse is indicated or the person is a
recovering alcoholic.  The drug scale
scored in the problem risk range.  It
reported drug abuse is likely.  An
established pattern of drug abuse is evident or the person is recovering.  The violence scale scored in the maximum risk
range.  Violent tendencies are indicated
and a pattern of violence appears to be well established.  Substance abuse, jealousy and perceived
stress could escalate into violent behavior. 
This client is likely to be intimidating, threatening, dangerous and
potentially brutal or savage.  It
indicated this is a violent person.  The
anti-social scale scored in the problem risk range.  An established pattern of antisocial behavior
is evident.  Problem risk is
characterized by many antisocial attitudes and behaviors as well as difficulty
maintaining responsible relationships and loyalties.  These individuals are frequently callous,
irresponsible and lack a foundation of mutual affection or trust.  Many are boastful, deceitful and given to
tantrums or outbursts of rage.  Poor work
histories, nonpayment of bills and difficulty conforming to social norms are
common.  The aggressiveness scale scored in the maximum risk range.  Serious problems with aggressiveness are
evident.  Irresponsible aggressiveness, over-sensitivity, low
frustration tolerance and impulsivity can be expected.  High risk scorers are quick to anger, often
disruptive and can be antagonistic. 
Interpersonal and authority problems are likely.  Perceived stress or substance abuse could
exacerbate aggressiveness.  The stress
coping scale scored in the problem risk range. 
Stress coping skills are not well established.  Stress is likely a focal area of concern.  Stress is contributing to emotional and
adjustment problems.

 

During the sentencing hearing
conducted before the trial court, the State called Philip Cox, the supervising
probation officer who prepared and submitted the PSI, to testify as to its
contents.  Cox confirmed that the
questionnaire assessing substance abuse, risk for violence and aggression, and
antisocial behavior was given to appellant.

Appellant then specifically
objected to the trial court’s consideration of Cox’s testimony as to the results
of the questionnaire pursuant to Texas Rules of Evidence 702, 703, and 705 and
requested permission to take Cox on voir dire. 
On voir dire, Cox testified that he administered the questionnaire and
that another employee of the community supervision correctional department
scored the test.  Appellant asked, “And
so the underlying facts or data which the opinions are based in the substance
abuse questionnaire you couldn’t testify to that, could you?”  Cox replied, “No, sir.”  Appellant restated his objection under Rules
702, 703 and 705 to “the opinions contained in the results of the substance
abuse questionnaire.”  The State
responded that the procedures and testing at issue had already been established
as scientifically valid and that Cox should be able to testify to the results
he received.  The trial court overruled
appellant’s objection, stating that “the opinions that are stated in [the PSI]
may be reported.  The underlying analysis
and scoring procedures are not before the Court.  Therefore, as to the procedures for arriving
at it you would have a valid objection; but the opinions that are stated in the
report are simply that, and therefore they are admitted.”

Cox testified regarding the results
of the substance abuse questionnaire, tracking the language of the PSI.  Cox further testified that he could not
recall another instance of an individual scoring in the maximum risk range on
every category and that the questionnaire was frequently used to provide
“guidance into where we might want to start in the rehabilitation process.”

The trial
court assessed appellant’s punishment at thirty-two years’ confinement.  In addition to the other statutorily required
information, the judgment states, in part:

Both parties announced ready
for trial.  Defendant waived the right of
trial by jury and entered the plea [of guilty]. 
The Court then admonished Defendant as required by law.  It appeared to the Court that Defendant was
mentally competent to stand trial, made the plea freely and voluntarily, and
was aware of the consequences of this plea. . . .

 

This appeal followed.

Consideration of the PSI

In his first issue, appellant
argues that the “trial court erred in admitting expert testimony over objection
because the reliability of that testimony was not shown.”  Specifically, appellant contends that the
portion of the PSI discussing the results of the substance abuse questionnaire,
which Cox read into the record, was inadmissible.  Appellant’s only objection to Cox’s testimony
regarding the PSI at trial challenged Cox’s knowledge of the “facts or data
[upon] which the opinions are based,” which we construe as an argument that Cox
was not the proper witness to present the information contained in the
PSI.  Appellant did not present any
objections to the PSI filed with the trial court.  The objection made at trial must comport with
the complaint raised on appeal, or the argument is waived.  See Tex. R. App. P. 33.1(a); Guevara v. State, 97 S.W.3d 579, 583
(Tex. Crim. App. 2003).  Thus, we limit
our consideration to whether Cox’s testimony regarding the contents of the PSI
was proper.

Under the Texas Code of Criminal
Procedure, when a judge is assessing punishment for an offense, a PSI is
required to be submitted for consideration by the judge in nearly all
non-capital felony cases where community supervision is a punishment
option.  Tex. Code Crim. Proc. Ann. art. 42.12, § 9(a) (Vernon Supp.
2011); Stringer v. State, 309 S.W.3d
42, 45 (Tex. Crim. App. 2010).  The PSI
is designed to aid the judge in arriving at an appropriate punishment for the
defendant by providing background information on the circumstances surrounding
a criminal offense, the defendant’s criminal and social history, and “any other
information relating to the defendant or the offense requested by the
judge.”  Tex. Code Crim. Proc. Ann. art. 42.12, § 9(a); Stringer, 309 S.W.3d at 45.  If the trial court determines that drugs or
alcohol may have played a role in the commission of the offense, the judge may
also order a drug or alcohol evaluation to be included as part of the PSI.  See Tex. Code Crim. Proc. Ann. art. 42.12,
§ 9(h).  The portion of the PSI
challenged on appeal in the instant case contains a drug and alcohol evaluation
within the substance abuse section. 

The contents of the PSI are not
required to meet the standards of the Texas Rules of Evidence to be considered
by a judge during the sentencing phase.  Smith v. State, 227 S.W.3d 753, 762–63
(Tex. Crim. App. 2007); Fryer v. State,
68 S.W.3d 628, 631 (Tex. Crim. App. 2002). 
As a PSI is a written report that contains the evaluations and opinions
of the probation officer charged with compiling the report, a PSI often
contains opinions and factual summaries that would be considered hearsay if the
Rules of Evidence applied.  See Fryer, 68 S.W.3d at 631. 

Here, appellant challenged Cox’s testimony
as to the derivation of the scores on the substance abuse questionnaire used in
the PSI.  Cox did not score the report
itself, but simply submitted the scores for testing and then compiled the
portion of the PSI evaluating substance abuse risk on the basis of the results
of those scores.  The portion of Cox’s
testimony at trial to which appellant objected consisted of a summary of the
contents of the PSI report.  Because the
consideration of the contents of a PSI report by a trial court is permitted by
statute, there is no error in the trial court’s consideration of Cox’s
testimony recounting the contents of the PSI he compiled.  See
Stringer, 309 S.W.3d at 46 (“[T]he information in the PSI is statutorily
authorized.”).  

We overrule appellant’s first
issue.   

Waiver of Jury Trial

In his second issue, appellant
contends that the lack of a written waiver of his right to a jury trial is
harmful error.  Code of Criminal
Procedure article 1.13(a) states in relevant part that a

[d]efendant in a criminal
prosecution for any offense other than a capital felony case . . . shall have
the right, upon entering a plea, to waive the right of trial by jury,
conditioned, however, that such waiver must be made in person by the defendant
in writing in open court with the consent and approval of the court, and the
attorney representing the State.

 

Tex. Code Crim. Proc. Ann. art.
1.13(a) (Vernon 2005). 

In Johnson v. State, the Court of Criminal Appeals held that the lack
of a written jury waiver signed by the defendant is not harmful error when the
record reflects that the defendant was aware of and waived his right to a jury
trial.  72 S.W.3d 346, 349 (Tex. Crim. App.
2002).  In Johnson, the judgment of the trial court reflected that the
appellant affirmatively waived his right to a jury trial.  Id.  The court observed that because the trial
court’s judgment reflected that the appellant waived his right to a jury trial
and the appellant presented no direct proof of the judgment’s falsity, an
appellate court must presume that the judgment was correct.  Id.  The Johnson
court reasoned that as there is no federal or state constitutional requirement
that a jury waiver be in writing, a lack of written record of a jury waiver is
evaluated as statutory error under Texas Rule of Appellate Procedure
44.2(b).  Id. at 348; see also Tex. R. App. P. 44.2(b) (providing that
any non-constitutional “error, defect, irregularity, or variance that does not
affect substantial rights must be disregarded”).  The court held that when the judgment of the
trial court reflects that an appellant affirmatively waived his right to a jury
trial and no controverting evidence is presented to contest this fact, there is
no harm from the statutory violation of article 1.13(a) because the record
reflects that the appellant was aware of his right to a jury trial and opted for
a bench trial instead.  Johnson, 72 S.W.3d at 349; see also Kmiec v. State, 91 S.W.3d 820,
824 (Tex. App.—Houston [1st Dist.] 2002, pet. ref’d) (holding violation of
article 1.13(a) harmless when appellant did not present direct evidence that
recitation of jury waiver in judgment was false).

Here, although the record lacks a
written jury waiver, it reflects that appellant affirmatively waived his right
to a jury trial.  As in Johnson, the judgment of the trial court
reflects that appellant affirmatively waived his right to a jury trial and the
judgment evidence is uncontroverted.  The
judgment states that

[b]oth parties announced
ready for trial.  Defendant waived the
right of trial by jury and entered the plea [of guilty].  The Court then admonished Defendant as
required by law.  It appeared to the
Court that Defendant was mentally competent to stand trial, made the plea
freely and voluntarily, and was aware of the consequences of this plea. . . .

 

Appellant produced no evidence to refute the
correctness of the judgment, so we must presume that the judgment is correct
absent evidence of its falsity.  

In addition to the evidence of a
jury waiver found in the text of the judgment, the record reflects that
appellant affirmatively waived his right to a jury trial.  Before appellant pleaded guilty, his defense
counsel admonished him in open court that he had a right to plead not guilty
and a right to a trial by jury. 
Appellant responded that he was aware of these rights and chose to plead
guilty and be sentenced by the judge.

          Therefore,
because the judgment and trial record consistently reflect that appellant
waived his right to a jury trial, and appellant has presented no controverting
evidence, we presume that appellant was aware of and waived his right to a jury
trial.  Thus, we hold that there was no
harm from the violation of article 1.13(a). 
See Johnson, 72 S.W.3d at 349;
Kmiec, 91 S.W.3d at 824.

We overrule appellant’s second
issue.

 

Conclusion

We affirm the judgment of the trial court.

 

 

                                                                   Evelyn
V. Keyes

                                                                   Justice

 

Panel
consists of Justices Keyes, Higley, and Massengale.

Do
not publish.   Tex. R. App. P. 47.2(b).

 











[1]           See
Tex. Penal Code Ann. § 19.02(b)(2) (Vernon 2011).