**Opinion issued March 21, 2013.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-12-00339-CR

————————————

**LEWIS RAMIREZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 174th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1305448**

---

## MEMORANDUM OPINION

Following a bench trial, the trial court found Lewis Ramirez guilty of the third-degree felony offense of possession of a controlled substance, cocaine, weighing between one and four grams. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(3)(D), 481.115(c) (West 2010). The trial court assessed punishment at

six years' confinement. On appeal, Ramirez contends that (1) he was denied his right to a jury trial and (2) his trial counsel was ineffective in not adequately informing him of his right to a jury trial. Finding no reversible error, we affirm.

## Background

In May 2011, Houston Police Department Officer Ruiz arrested Ramirez for possession of cocaine. Ruiz discovered the cocaine while conducting a pat-down search during a traffic stop. The state charged Ramirez with possession of a controlled substance. After a bench trial, the trial court found Ramirez guilty. The judgment of conviction provides that Ramirez "waived the right of trial by jury." The record contains no other reference to whether Ramirez waived his right to a jury trial. Ramirez made no objection to the absence of a jury during the proceedings.

## Discussion

### I. Waiver of Right to Jury Trial

First, Ramirez contends that he did not waive his right to a jury trial and that the recitation in the judgment that he waived his right to a jury trial is insufficient to show that he did so. For a criminal defendant to waive his right to a jury trial, the record must establish express, knowing, and intelligent waiver. *Hobbs v. State*, 298 S.W.3d 193, 197 (Tex. Crim. App. 2009). Article 1.13(a) of the Code of Criminal Procedure provides that "such waiver must be made in person by the

defendant in writing in open court with the consent and approval of the court, and the attorney representing the State." *See* TEX. CODE CRIM. PROC. ANN. art. 1.13(a) (West 2011). Our record contains no evidence that Ramirez waived his right to a jury trial "in writing in open court," as required by article 1.13(a) of the Code of Criminal Procedure. *See id.*

We evaluate a failure to comply with article 1.13 as statutory, non-constitutional error under Texas Rule of Appellate Procedure 44.2(b), because neither the state nor the federal constitution requires that a jury waiver be in writing. *Johnson v. State*, 72 S.W.3d 346, 349 (Tex. Crim. App. 2002); *see* TEX. R. APP. P. 44.2(b) (providing that any non-constitutional "error, defect, irregularity, or variance that does not affect substantial rights must be disregarded"). The absence of a written jury waiver is not harmful if the record reflects that the defendant was aware of, and waived, his right to a jury trial. *Johnson*, 72 S.W.3d at 349. We presume that recitations in a judgment are true, and a defendant has the burden to object to the judgment and establish that the recitations are false. *Id.*; *Breazeale v. State*, 683 S.W.2d 446, 450–51 (Tex. Crim. App. 1984) (en banc). In *Johnson*, the Court of Criminal Appeals held that a recitation in the judgment that the defendant waived his right to a jury trial, absent any evidence to the contrary, showed that the defendant was aware of and waived his right to a jury trial. *Id.* at 349; *see also Kmiec v. State*, 91 S.W.3d 820, 824 (Tex. App.—Houston [1st Dist.] 2002, pet.

3

ref'd) (holding violation of article 1.13(a) harmless when defendant presented no direct evidence to rebut presumption that recitation of jury waiver in judgment was true).

The judgment here, as in *Johnson*, provides that Ramirez waived his right to a jury trial. *See id.* We therefore presume that Ramirez was aware of his right to a jury trial and waived that right. *See id.*; *Kmiec*, 91 S.W.3d at 824. Ramirez has produced no evidence to rebut this presumption. We hold that Ramirez has not established harmful error. *See Johnson*, 72 S.W.3d at 349; *Kmiec*, 91 S.W.3d at 824.

Ramirez contends that the recitation in this case is not presumptively true, because it is included in a pre-printed judgment form. Yet, the recitation in *Johnson* was no different: the defendant there similarly waived his right to a jury trial in a pre-printed form. *Johnson*, 72 S.W.3d at 349. And the Texas Code of Criminal Procedure requires that trial courts use the judgment forms promulgated by the Office of Court Administration in felony convictions. TEX. CODE CRIM. PROC. ANN. art. 42.01 § 4. Ramirez raises no irregularity casting doubt on the adequacy of the waiver recited in the required judgment forms.

Ramirez challenges *Johnson's* holding, and he urges us to follow the dissenting opinion in *Johnson* or interpretations of an analogous federal statute. As an intermediate court of appeals, we are bound to follow the precedent of the Texas

Court of Criminal Appeals. *Gonzales v. State*, 190 S.W.3d 125, 130 n. 1 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd); *see* TEX. CONST. art. V, § 5(a) (providing that Court of Criminal Appeals is final authority for interpreting criminal law in Texas).

## II.    Ineffective Assistance of Counsel

Second, Ramirez contends that his trial counsel was ineffective in failing to inform Ramirez about his right to a jury trial and to obtain his consent to waive the right. To prevail on a claim of ineffective assistance of counsel, a defendant must show that (1) his counsel's performance was deficient and (2) a reasonable probability exists that the result of the proceeding would have been different but for counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2065 (1984); *Andrews v. State*, 159 S.W.3d 98, 101–02 (Tex. Crim. App. 2005). A defendant has the burden to establish both prongs by a preponderance of the evidence; a failure to show either defeats his ineffectiveness claim. *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002) (en banc). The record must firmly support a claim of ineffective assistance. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

The record is silent regarding whether trial counsel consulted with Ramirez about his right to a jury trial or whether he obtained Ramirez's consent to waive that right. While silence does not confirm the recitation in the judgment, it also

does not negate it so as to establish the elements of an ineffective assistance claim. *See Mitchell*, 68 S.W.3d at 642. This silence does not support an ineffective assistance claim. *See Thompson*, 9 S.W.3d at 813 (cautioning that ineffective assistance cannot be grounded on matters not found within the record). We hold that Ramirez has not met his *Strickland* burden. *See Strickland*, 466 U.S. at 687, 104 S. Ct. at 2065.

## Conclusion

We hold that nothing in the record challenges the judgment recital that Ramirez waived his right to a jury trial; thus, any failure to comply with the statutory requirement for obtaining a waiver was harmless. We further hold that Ramirez failed to establish that his trial counsel was ineffective. We therefore affirm the judgment of the trial court.


Jane Bland
Justice

Panel consists of Justices Jennings, Bland, and Massengale.

Do not publish. TEX. R. APP. P. 47.2(b).

6