**Opinion issued February 18, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-15-00376-CR

———————————

**CHARLES EUGENE ROBERTSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 452nd District Court**
**McCulloch County, Texas**
**Trial Court Case No. 5931**

---

## MEMORANDUM OPINION

The trial court convicted appellant Charles Eugene Robertson of assault against a household member, with a prior conviction, and assessed his punishment at ten years' confinement in the Institutional Division, Texas Department of

Criminal Justice.[1] In a single issue, appellant argues that the evidence is insufficient to support his conviction.[2] We affirm.

## Background

This case revolves around different versions of how the complainant's face came to be injured. The complainant, Lori Brown, testified that she and appellant were in a dating relationship and, during one extended argument, appellant hit her in the face with his fist. Brown testified that after the assault her "nose was swollen and [her] eye was bloodshot" and that she "had vessels in [her] right eye that were busted." A photograph of Brown's face taken the same day as the assault was admitted into evidence at trial.

Appellant's mother testified that she saw Brown a day after the alleged assault and Brown told her that she had slammed the door on appellant during an argument, appellant pushed back on the door, and the door hit Brown in the face. Appellant's mother, a nurse, also testified that she did not notice any bruising or swelling on Brown's face. Appellant's brother also testified that he saw Brown the day after the alleged assault and that he did not see any bruising or swelling on her face.

---

[1]    TEX. PENAL CODE ANN. § 22.01(a)(1), (b)(2)(A) (West 2011).

[2]    This appeal, originally filed in the Third Court of Appeals, Austin, Texas, was transferred by the Supreme Court of Texas, pursuant to its docket equalization authority, to the First Court of Appeals, Houston, Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013) (authorizing transfer of cases).

Appellant testified on his own behalf and denied hitting Brown in the face with his fist. According to appellant, he and Brown were pushing a door back and forth between them when they were arguing, and the door hit both parties several times. The State also introduced evidence at trial that appellant had pleaded guilty to a previous assault-family violence case in 2008.

## A. Standard of Review and Applicable Law

When reviewing the sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict to determine whether any rational fact finder could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Adames v. State*, 353 S.W.3d 854, 859 (Tex. Crim. App. 2011) (holding that *Jackson* standard is only standard to use when determining sufficiency of evidence). During a bench trial, the trial court is the exclusive judge of the facts and the weight to be given to the testimony. *See Kmiec v. State*, 91 S.W.3d 820, 822 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd).

As the sole judge of credibility, the trial court may accept one version of the facts and reject another, and it may reject any part of a witness's testimony. *See Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986); *Jones v. State*, 458 S.W.3d 625, 630 (Tex. App.—Houston [1st Dist.] 2015, pet. ref'd) (noting jury can choose to disbelieve witness even when witness's testimony is uncontradicted)

(internal citation omitted). We may not re-evaluate the weight and credibility of the evidence or substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). We afford almost complete deference to the factfinder's credibility determinations. *See Lancon v. State*, 253 S.W.3d 699, 705 (Tex. Crim. App. 2008).

A defendant is guilty of the third-degree felony offense of assault when he "intentionally, knowingly, or recklessly causes bodily injury" to a family member, a person with whom the defendant has a dating relationship, or a member of the defendant's household, and the State proves that the defendant has been previously convicted of a prior assault against someone from one these groups. *See* TEX. PENAL CODE ANN. § 22.01(a)(1), (b)(2).

## B. Analysis

There was undisputed evidence at trial that appellant pleaded guilty to a charge of assault-family violence in 2008. The evidence also established that appellant and Brown were dating when appellant was charged with hitting Brown in the face with his fist, leaving Brown with a swollen nose and a bloodshot eye. Although appellant and his family disputed the cause and extent of Brown's injuries, it was within the trial court's province to credit Brown's testimony and reject all conflicting testimony from appellant, his mother, and his brother. *See Sharp*, 707 S.W.2d at 614; *Kmiec*, 91 S.W.3d at 822. Although appellant challenges Brown's

credibility on appeal, the trial court was in the best position to evaluate Brown's testimony and we will not substitute our judgment for that of the trial court. *See Lancon*, 253 S.W.3d at 705; *Williams*, 235 S.W.3d at 750.

After considering all of the evidence in the light most favorable to the verdict and deferring to the trial court's determinations regarding the weight and credibility of the evidence, we hold that a rational factfinder could have found the essential elements of the third-degree felony offense of assault–family violence beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789. We overrule appellant's sufficiency challenge.

## Conclusion

We affirm the trial court's judgment.

Russell Lloyd
Justice

Panel consists of Justices Bland, Brown, and Lloyd.

Do not publish. TEX. R. APP. P. 47.2(b).

5