**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Timothy Lashawn THREATS,**
**Defendant–Appellant.**

**No. 01–2613.**

United States Court of Appeals, Sixth Circuit.

Oct. 22, 2002.

Before BATCHELDER and COLE, Circuit Judges; GRAHAM, District Judge.*

Timothy Lashawn Threats appeals his judgment of conviction and sentence. The parties have expressly waived oral argument. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

A jury found Threats guilty of perjury in violation of 18 U.S.C. § 1623(c). The district court sentenced Threats to sixty months of imprisonment.

On appeal, Threats argues that insufficient evidence supports his conviction. In support of his argument, Threats—while admitting that he offered false testimony at a contested sentencing hearing of a co-conspirator—contends that the testimony at issue was not material because it was so patently unbelievable that it could not have

---

* The Honorable James L. Graham, United States District Judge for the Southern District of Ohio, sitting by designation.

had any tendency to influence the district court's decision.

This court reviews de novo the sufficiency of the evidence to support a conviction. *United States v. Spearman*, 186 F.3d 743, 746 (6th Cir.1999). As with other sufficiency-of-the-evidence questions, this court determines whether evidence sufficiently supported a conviction by deciding "whether, after viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the elements of the crime beyond a reasonable doubt." *United States v. Gatewood*, 173 F.3d 983, 986 (6th Cir.1999) (*citing Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)).

A witness testifying under oath or affirmation commits perjury if he gives false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory. *United States v. Dunnigan*, 507 U.S. 87, 94, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993). It is an essential element of a perjury charge that the alleged false statement be material. *United States v. Gaudin*, 515 U.S. 506, 512, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995).

A showing of materiality is a fairly low bar for the government to meet: a statement is "material" if it has the natural tendency to influence or is capable of influencing a decision making process. *See United States v. Lutz*, 154 F.3d 581, 588 (6th Cir.1998). A showing of actual influence, or actual reliance, is unnecessary, *see United States v. Keefer*, 799 F.2d 1115, 1128 (6th Cir.1986). If the false statements are received, they may be material even if the receiving party knows that they are false. *See United States v. Rogers*, 118 F.3d 466, 472 (6th Cir.1997). Thus, if Threats's testimony merely had the potential to interfere with a line of inquiry,

materiality is established regardless of whether the perjured testimony actually served to impede the inquiry. *United States v. Richardson*, 596 F.2d 157, 165 (6th Cir.1979).

The testimony at issue had the potential to impede a line of inquiry. Before uttering the false testimony in question, Threats had pleaded guilty to drug offenses. At his guilty plea hearing, Threats testified that he secured kilograms of cocaine from Juwell Castleberry. In fact, Threats's grand jury testimony had provided the basis for charging Castleberry and determining his proposed sentencing guideline calculation. Later, Castleberry called Threats to testify at his sentencing hearing. At issue, among other things, was the amount of drugs attributable to Castleberry and the role he played in managing or supervising the drug conspiracy. At Castleberry's sentencing hearing, Threats denied any involvement with Juwell Castleberry. Thus, Threats's false testimony at Castleberry's sentencing hearing made it more difficult for the district court to arrive at a final guideline calculation for Juwell Castleberry. Threats's admittedly false testimony was material.

Accordingly, we hereby affirm the district court's judgment.