# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### January 6, 2004 Session

## STATE OF TENNESSEE v. DONALD KEEL

**Direct Appeal from the Circuit Court for Gibson County**
**No. 16089     Clayburn Peeples, Judge**

---

**No. W2003-00638-CCA-R3-CD  - May 28, 2004**

---

The Appellant, Donald Keel, was convicted in the Gibson County Circuit Court of aggravated perjury, felon in possession of a handgun, and assault.  Keel's sentence for aggravated perjury was imposed consecutively to his concurrent sentences for unlawful weapon possession and assault.  On appeal, he raises two issues for our review:  (1) whether the evidence is sufficient to support his conviction for aggravated perjury and (2) whether consecutive sentencing is proper.   After review of the record, we affirm the conviction and subsequent sentencing decision.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JERRY L. SMITH and THOMAS T. WOODALL, JJ., joined.

Michael A. Carter, Crocker & Carter, Milan, Tennessee, for the Appellant, Donald Keel.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; J. Ross Dyer, Assistant Attorney General; Garry G. Brown, District Attorney General; and Jerald Campbell, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Factual Background

On January 15, 2001, the Appellant, while traveling in the truck with his wife,[1] began "ranting and raving" at her.  The Appellant had been drinking heavily all day.  As the verbal abuse continued, the Appellant produced a sawed-off shotgun, "poked" it at her, and threatened to kill her.  The wife explained that she had been forced to endure this type of abuse by the Appellant throughout their nineteen years of marriage.  The situation did not improve upon arrival at their home.  Later that

---

[1]The parties were divorced prior to the trial of this case.

day, the wife's daughter, who lived across the road, saw the Appellant with a gun, shooting into the pond. A neighbor also heard gunshots coming from the area of the pond, although he did not see the Appellant firing a gun. However, the neighbor did later see the Appellant on his lawnmower with two guns, a shotgun and a handgun. The wife also saw the Appellant that day riding the lawnmower, routinely getting off the mower to fire a gun and returning to the mower. Several days later, the wife obtained a warrant against the Appellant for aggravated assault based upon his threats to kill her while displaying a deadly weapon. At the preliminary hearing, the Appellant, testifying in his own behalf, denied that, at any time on the day of January 15, 2001, he ever fired a gun. The aggravated assault charge was bound over to the grand jury.

On April 2, 2001, a Gibson County grand jury returned a three-count indictment against the Appellant charging him with aggravated assault, felon in possession of a handgun, and aggravated perjury. The aggravated perjury count was based upon the Appellant's testimony that he did not fire a gun on January 15, 2001.

The case came to trial on October 17, 2002. After hearing the evidence presented, the jury convicted the Appellant of simple assault, being a felon in possession of a handgun, and aggravated perjury. At a subsequent sentencing hearing, the trial court ordered the following sentences: (1) eleven months and twenty-nine days for the assault conviction, (2) two years in the Department of Correction for being a felon in possession of a handgun, and (3) three years in the Department of Correction for aggravated perjury. The sentence for aggravated perjury was ordered to be served consecutively to the other two sentences. The decision to impose consecutive sentencing was based upon the fact that the Appellant was on probation at the time of the offenses and that he was a dangerous offender. This appeal followed the denial of the Appellant's motions for new trial and judgment of acquittal.

**Analysis**

On appeal, the Appellant raises two issues for our review. He first asserts that there is insufficient evidence to support his conviction for aggravated perjury because the false statement that he did not shoot a gun was not "material" to the case in which it was introduced. He does not challenge the sufficiency of his remaining two convictions. In addition, the Appellant alleges that it was error to impose consecutive sentencing, as the record fails to support a finding that it was warranted.

**1. Sufficiency of the Evidence**

When evidentiary sufficiency is questioned, our standard of review is, after considering all the evidence in the light most favorable to the State, whether any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt. Tenn. R. App. P. 13(e); *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *State v. Hall*, 8 S.W.3d 593, 599 (Tenn. 1999). Questions concerning the credibility of the witnesses, the weight and value of the evidence, and all factual issues raised by the evidence are resolved by the trier of fact. *State v.*

*Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). This court must afford the State the strongest legitimate view of the evidence and all reasonable inferences drawn from it. *State v. Evans*, 838 S.W.2d 185, 191 (Tenn. 1992). A jury conviction removes the presumption of innocence with which a defendant is initially cloaked and replaces it with one of guilt, so that, on appeal, a convicted defendant has the burden of demonstrating that the evidence is insufficient. *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982).

One commits the offense of aggravated perjury if, with intent to deceive, the person: (1) commits perjury as defined in Tennessee Code Annotated section 39-16-702 (2003); (2) the false statement is made during or in connection with an official proceeding; and (3) the false statement is material. Tenn. Code Ann. § 39-16-703 (2003). As relevant here, a conviction for the offense of perjury merely requires proof that the accused made a false statement, under oath, with intent to deceive. Tenn. Code Ann. § 39-16-702. In his challenge to the sufficiency of the evidence, the Appellant challenges only the materiality element of the offense. Tennessee Code Annotated section 39-16-701(1) (2003) defines the test for materiality as whether "the statement, irrespective of its admissibility under the rules of evidence, could have affected the course or outcome of the official proceeding."

The Appellant's testimony at the general sessions preliminary hearing, which resulted in the his conviction for aggravated perjury, was as follows:

Q. Mr. Keel, you're testifying under oath unequivocally that you did not shoot a gun that day?
A. If it was a gun fired on that place, somebody else shot it. Just put it that way.
Q. Do you know what perjury is?
A. Do I know what perjury is?
Q. Yes, sir.
A. Sure do.
Q. Do you understand that if you're lying about firing shots on that day, that you might be charged with perjury?
A. Yeah. I said I didn't fire no shots.

On appeal, the Appellant does not contest the falsity of his preliminary hearing testimony that he did not shoot a gun on the day in question. However, he asserts that whether he fired a gun later in the day while alone at the pond is immaterial to the question of whether he threatened his wife with a gun earlier in the day. As such, he contends that this fact would have had no bearing on the course or outcome of the preliminary hearing.

The State argues that the statement is material and could have affected the course or outcome of the proceeding during which it was given. At the preliminary hearing, the trial court was required to determine if there was probable cause to believe that the Appellant caused his wife to fear imminent bodily injury by displaying a deadly weapon while riding in the truck. The State argues that the statement was material because it could have affected the credibility determination of the

general sessions court, in that, if the court believed the Appellant did not fire a gun, the court could conclude that the victim's account of the events was not credible.

Beyond the statutory definition, this case presents an issue of first impression of the scope and construction of the phrase "could have affected the course or outcome of the official proceeding." It is conceded that application of the materiality element has met with practical difficulty in those jurisdictions which have adopted the same or similar materiality language as Tennessee. Clearly, the majority approach has been to adopt a broad construction of the phrase, finding that a false statement is material if it is collaterally, remotely, or circumstantially material, or if it has a legitimate tendency to prove or disprove some fact that is material, irrespective of the main fact in issue. *Kmiec v. State*, 91 S.W.3d 820, 823 (Tx. Ct. App. 2002); *see also U.S. v. Threats*, 48 Fed. Appx. 980 (6th Cir. 2002) (material if it has the natural tendency to influence or is capable of influencing a decision making process); *Fleming v. State,* 686 S.W.2d 803 (Ark. Ct. App. 1985) (only necessary that the false statement be capable of influencing the outcome of the proceedings); *State v. McBride*, 846 P.2d 914 (Idaho Ct. App. 1992) (false statement relied upon need not bear directly upon the ultimate issue of fact); *Holbrooks v. Commonwealth*, 85 S.W.3d 563 (Ky. 2002) (sufficiently material if it has the potential to influence a tribunal or jury); *Ganzie v. Commonweatlth*, 482 S.E.2d 863 (Va. Ct. App. 1997) (material if relevant to a main or collateral issue on trial).

We find the above case law decisions persuasive. It is not necessary that testimony, to be material, must relate to the principal issue in a case. It is sufficiently material if it has the potential to influence a tribunal or jury. The statement need not bear directly upon the ultimate issue of fact in the proceeding at which the statement is made. However, any falsehood uttered is not sufficient to be deemed material. *See Kmiec*, 91 S.W.3d at 823; *Holbrooks*, 85 S.W.3d at 563. The false testimony must relate to the decision-making process of the proceeding. Thus, utterly trivial falsifications are excluded.

We conclude that the Appellant's statement that he did not fire a gun on the day in question, is material, as it "could have affected the outcome" of the preliminary hearing. We agree with the Appellant's assertion that whether or not he fired a gun would not dictate the outcome of the preliminary hearing, as firing a gun was not an element of the offense charged. However, it is collaterally and circumstantially material. His possession of the gun that afternoon is circumstantially material as it establishes the Appellant's possession of a weapon on the day in question. Moreover, we agree with the State that the Appellant's false testimony could have affected the course of the proceeding in that such testimony, if believed by the general sessions court, could have permitted the court to discredit the wife's testimony and thus change the outcome of the hearing. This issue is without merit.

## 2. Consecutive Sentencing

The Appellant argues that the trial court's imposition of consecutive sentences was improper. Appellate review of the imposition of consecutive sentences is *de novo* with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d) (2003). The

presumption of correctness imposes upon the appealing party the burden of showing that the sentence imposed is improper. Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments. Consecutive sentences are warranted if the trial court finds, by a preponderance of the evidence, that any of the seven enumerated criteria of Tennessee Code Annotated section 40-35-115(b) (2003) exists. This section permits the imposition of consecutive sentences if the trial court finds that the offense for which the defendant is being sentenced was committed while on probation. Tenn. Code Ann. § 40-35-115(b)(6). Additionally, this section permits the trial court to impose consecutive sentences if the court finds, among other criteria, that the "defendant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high." Tenn. Code Ann. § 40-35-115(b)(4).

The trial court ordered the Appellant's sentence for aggravated perjury be served consecutively to his concurrent sentences of unlawful weapon possession and assault. In arriving at this decision, the court stated: "I do find [the Appellant] was on probation at the time of these offenses and I do find him to be a dangerous offender." Beyond the trial court's pronouncement at sentencing, there is nothing in the record to support the finding that the Appellant was on probation at the time the offenses were committed. Moreover, although the trial court found the Appellant to be a dangerous offender, the court failed to determine that (1) the resulting sentence is reasonably related to the severity of the crimes and (2) it is necessary to protect the public against further criminal conduct. *State v. Wilkerson*, 905 S.W.2d 933, 938 (Tenn. 1995). The State concedes this error on appeal. Our supreme court has held that it is incumbent on the trial court to make findings regarding these two factors before imposing consecutive sentences. *State v. Lane*, 3 S.W.3d 456, 461 (Tenn. 1999).

Following *de novo* review, we find that consecutive sentencing is warranted. The conduct of the Appellant involving repeated threats of violence against his then wife, his indiscriminate use of weapons, his possession of a sawed-off shotgun, pistol, and stun gun, and his prior criminal history demonstrate little or no regard for human life and no hesitation about committing a crime in which the risk to life is high. Tenn. Code Ann. § 40-35-115(b)(4).

Moreover, we find that consecutive sentencing is necessary to protect the public from further criminal behavior by the Appellant. The victim's daughter testified that she is fearful of the Appellant and often hides from him. The victim also expressed fear of the Appellant based upon his current and past behavior. We find that consecutive sentencing is necessary to protect the public from further criminal conduct by the Appellant.

As to the length of the total sentence and its relationship to the severity of the offenses, we also find that the record supports the imposition of consecutive sentencing. The Appellant was sentenced to an effective five-year sentence for the crimes he committed. These crimes involved repeated threats against his wife's life, terrorizing her, and unlawful weapon possession. Additionally, the Appellant lied to the court about his actions on the day in question. With regard to the Appellant's aggravated perjury conviction, our entire system of justice rests upon the premise that a witness will speak the truth. The condonation of behavior such as the Appellant's, if ignored,

would result in frequent miscarriages of justice, thereby making a mockery of our judicial system. We find these facts sufficient to support the aggregate sentence imposed. Thus, we conclude that the record supports the imposition of consecutive sentences.

## CONCLUSION

Based upon the foregoing, we find the evidence sufficient to support the Appellant's conviction for aggravated perjury and that there was no error in the imposition of consecutive sentencing. Accordingly, we affirm the decision of the Gibson County Circuit Court at Trenton.

_____
DAVID G. HAYES, JUDGE